In re Petition for DISCIPLINARY AC-
TION AGAINST Scott E. SELMER,
an Attorney at Law of the State of
Minnesota.

No. C8–93–1638.

Supreme Court of Minnesota.

Nov. 30, 2001.

ORDER

On September 11, 1997, this court sus-
pended petitioner Scott E. Selmer from
the practice of law for 12 months. *In re
Selmer,* 568 N.W.2d 702 (Minn.1997). Pe-
titioner filed a petition for reinstatement
with this court on October 24, 2000, and a
panel of the Lawyers Professional Respon-
sibility Board conducted a hearing on the
petition for reinstatement. The panel rec-
ommends that petitioner be reinstated to
the practice of law and placed on super-
vised probation for five years subject to
the following conditions:

a. Petitioner shall cooperate fully
with the Director's Office in its efforts to
monitor compliance with this probation
and promptly respond to the Director's
correspondence by the due date. Peti-
tioner shall cooperate with the Di-
rector's investigation of any allegations
of unprofessional conduct that may come
to the Director's attention. Upon the
Director's request, petitioner shall pro-
vide authorization for release of informa-
tion and documentation to verify compli-
ance with the terms of this probation.

b. Petitioner shall abide by the
Minnesota Rules of Professional Con-
duct.

c. Petitioner shall be supervised by a
licensed Minnesota attorney appointed
by the Director to monitor compliance
with the terms of this probation. Peti-
tioner shall not agree to represent any
client until the supervisor has signed a
consent to supervise. Petitioner shall
provide to the Director the names of
four attorneys who have agreed to be
nominated as petitioner's supervisor no
later than two weeks from the date of
the court's reinstatement order. If, af-
ter diligent effort, petitioner is unable to
locate a supervisor acceptable to the Di-
rector, the Director will seek to appoint
a supervisor. Petitioner shall make ac-
tive client files available to the Director
upon request.

d. Petitioner shall cooperate fully
with the supervisor in his/her efforts to
monitor compliance with this probation.
Petitioner shall contact the supervisor
and schedule a minimum of one in-per-
son meeting per month. Petitioner shall
submit to the supervisor an inventory of
all active client files by the first day of
each month during the probation. With
respect to each active file, the inventory
shall disclose the client name, type of
representation, date opened, most recent
activity, next anticipated action, and an-
ticipated closing date. Petitioner's su-
pervisor shall file written reports with
the Director at least quarterly, or at
such more frequent intervals as may
reasonably be requested by the Di-
rector.

e. During the period of probation,
petitioner shall not represent himself or
close family members. Petitioner shall
promptly advise his supervisor and the
Director's Office of any dispute involving
petitioner as a potential litigant or wit-
ness.

f. Petitioner shall initiate and main-
tain office procedures which ensure that
there are prompt responses to corre-
spondence, telephone calls, and other
important communications from clients,
courts and other persons interested in
matters which petitioner is handling and
which will ensure that petitioner regu-

larly reviews each and every file and contemplates legal matters on a timely basis.

g.   Petitioner shall pay in full the outstanding Wisconsin disciplinary judgment before the conclusion of his probation and shall provide the Director with a copy of the satisfaction of judgment at least six months prior to the end of his probationary period.

h.   Petitioner will make good faith efforts to reduce and/or satisfy all outstanding tax liens and civil judgments. In addition, petitioner will provide the Director's Office with a repayment plan for satisfying his past-due tax liabilities and the Schurstein civil judgment.

i.   Prior to resuming solo practice or taking management responsibilities for a firm, petitioner shall provide to the Director's Office a business plan including budget and financing arrangements indicating how he will pay his outstanding judgments and manage his practice in a financially responsible manner.

j.   Within 60 days from the date petitioner resumes practice, he shall provide his probation supervisor with a written plan, acceptable to the Director, outlining office procedures designed to ensure that petitioner is in compliance with probation requirements.   Petitioner shall provide progress reports as requested by either his supervisor or the Director's Office.

The Director and petitioner agree with the panel's recommendation and conditions of probation.

This court has independently reviewed the file and approves the recommended disposition.

IT IS HEREBY ORDERED that petitioner Scott E. Selmer is reinstated to the practice of law in the State of Minnesota and is placed on supervised probation for five years subject to the conditions set forth above.

BY THE COURT:
Paul H. Anderson
Associate Justice