IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Scott E. SELMER, Attorney at Law:

OFFICE OF LAWYER REGULATION f/k/a Board of
Attorneys Professional Responsibility,
Complainant-Respondent,

v.

Scott E. SELMER,
Respondent-Appellant.

Supreme Court

*No. 1998AP886–D. Decided June 24, 2005.*

2005 WI 91

(Also reported in 698 N.W.2d 695.)

¶ 1. PER CURIAM. We review the recommendation of the referee, Russell Hanson, that Scott E. Selmer's license to practice law in Wisconsin be reinstated. The Office of Lawyer Regulation (OLR) and the Board of Bar Examiners (BBE) have joined in that recommendation.

¶ 2. We adopt the referee's findings of fact and conclusions of law and agree that Scott E. Selmer's license to practice law should be reinstated, subject to his compliance with current continuing legal education (CLE) requirements. Attorney Selmer shall also be required to pay the costs of the reinstatement proceeding.

¶ 3. Selmer, a Minnesota attorney, was admitted to practice law in Wisconsin in 1978. In 1990, the OLR's predecessor, the Board of Attorneys Professional Responsibility (Board), privately reprimanded Selmer for failing to provide competent representation by filing papers that reflected a lack of knowledge of Wisconsin appellate procedure and tribunals, and for filing documents while administratively suspended for failure to comply with CLE requirements.

¶ 4. In 1995, Attorney Selmer received a public reprimand as reciprocal discipline for a reprimand imposed upon him by the Minnesota Supreme Court. *In re Disciplinary Action Against Selmer,* 529 N.W.2d 694 (Minn. 1995). Misconduct consisted of failing to promptly provide his client in a personal injury matter a full accounting of funds he received on her behalf, charging and suing that client to collect an unreasonable fee, abusing the discovery process in that action,

failing to maintain proper trust account books and records and falsely certifying that he had done so, and commingling personal and client funds in his trust account. This court conditioned Attorney Selmer's continued practice of law on his furnishing the Board copies of his trust account records for a period of two years. *See In re Disciplinary Proceedings Against Selmer,* 195 Wis. 2d 687, 538 N.W.2d 252 (1995).

¶ 5. Attorney Selmer's current license suspension was also imposed as reciprocal discipline for misconduct that occurred in Minnesota. *In re Disciplinary Action Against Selmer,* 568 N.W.2d 702 (Minn. 1997). The Minnesota court concluded that Selmer had engaged in a pattern of frivolous and harassing conduct by filing counterclaims alleging racial discrimination in actions brought against him by personal creditors and by filing claims in state and federal courts alleging racial discrimination. *See id.* The Minnesota courts concluded that Selmer's claims of racial discrimination lacked merit, and concluded further that Selmer knowingly offered false and misleading evidence in response to discovery requests, failed to supplement incomplete and misleading responses to discovery requests, failed to comply or make reasonably diligent efforts to comply with legally proper discovery requests, made false statements of fact in attempts to advance his own interests, and engaged in dishonest conduct in those actions. *Id.* He was suspended for a period of twelve months for this misconduct. *Id.* By order dated November 30, 2001, the Minnesota court conditionally reinstated Selmer's license to practice law in Minnesota. *In re Disciplinary Action Against Selmer,* 636 N.W.2d 308 (Minn. 2001).

¶ 6. On May 13, 2003, Selmer filed this petition pursuant to SCR 22.29, seeking reinstatement of his license to practice law in Wisconsin. Various procedural

delays ensued. On April 14, 2004, the OLR formally opposed the petition for reinstatement primarily on the basis of these delays, which included the provision of necessary documentation to the OLR.

¶ 7. On May 4, 2004, Referee Hanson conducted a hearing, which was continued and concluded on October 25, 2004. *See* SCR 22.30. Referee Hanson filed his report and recommendation on November 26, 2004. Neither party appealed. The matter was again delayed to permit Selmer to complete all necessary continuing educational requirements.

¶ 8. The referee concluded that since his reinstatement in Minnesota, Attorney Selmer's conduct has been "exemplary." The attorney who supervised him during the reinstatement process in Minnesota testified on his behalf at the reinstatement hearing, opining that he "will act in conformity [with the Rules of Professional Conduct]" and stating: "I think . . . he will be extremely careful about all of his dealings and that he will comport himself in an ethical way."

¶ 9. The referee found credible and persuasive the testimony from various character witnesses Selmer produced. The referee noted that Selmer had accounted for his time in Minnesota and that there was no evidence he has practiced law in Wisconsin since his suspension. He is in full compliance with the Minnesota CLE requirements and is now in compliance with the requirements imposed in Wisconsin.

¶ 10. Ultimately, the referee concluded:

> The recommendations of others who entered their support for the respondent were impressive and persuasive and the respondent himself clearly highly desires the return of his Wisconsin license. I can find no failure on his part significant enough to recommend against his reinstatement and I, therefore, recommend it.

¶ 11. As noted, the OLR did not appeal the report and recommendation. It has filed a statement of costs incurred in connection with the reinstatement proceeding, in the amount of $9,053.34.

¶ 12. Following submission of this matter to the court further delay ensued as Selmer sought to provide the BBE with necessary documentation regarding compliance with CLE requirements. We have now been advised that this documentation has been provided and that the BBE recommends his reinstatement.

¶ 13. After review of the record we conclude that Selmer has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we agree with the referee's recommendation that Mr. Selmer's license to practice law in Wisconsin be reinstated. We conclude further that he should be required to pay the costs of this reinstatement proceeding.

¶ 14. IT IS ORDERED that the petition for reinstatement of the license of Scott E. Selmer to practice law in Wisconsin is granted, effective the date of this order, subject to compliance with current continuing legal education requirements.

¶ 15. IT IS FURTHER ORDERED that within six months of the date of this order Scott E. Selmer pay to the OLR the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Scott E. Selmer to practice law in Wisconsin shall be suspended until further order of the court.