IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Scott E. SELMER, Attorney at Law.

Supreme Court

*No. 94–1319–D. Filed October 10, 1995.*

(Also reported in 538 N.W.2d 252.)

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded and condition imposed.*

PER CURIAM.  We review the recommendation of the referee that Attorney Scott E. Selmer be publicly reprimanded and placed on two years' probation as discipline for professional misconduct. That misconduct consisted of his failure to promptly provide his client in a personal injury matter a full accounting of funds he received on her behalf, charging and suing that client to collect an unreasonable fee, abusing the discovery process in that action, and failing to maintain proper trust account books and records, falsely certifying that he had done so and commingling personal and client funds in his trust account.

■■■■

We determine that the recommended public reprimand is appropriate discipline to impose for Attorney Selmer's professional misconduct but do not accept the recommendation that he be placed on probation. The discipline recommended by the referee is identical to that imposed on Attorney Selmer by the Minnesota Supreme Court for Attorney Selmer's professional misconduct in these matters. However, the terms of probation imposed in Minnesota are merely requirements that he conform to specified rules of attorney professional conduct. Furthermore, we do not consider probation an appropriate form of discipline in misconduct cases. However, because of Attorney Selmer's trust account violations, we impose as a condition on his continued practice of law for a period of two years the requirement that he furnish the Board of Attorneys Professional Responsibility (Board) a copy of his trust account records quarterly or as the Board may otherwise direct.

Attorney Selmer was admitted to practice law in Wisconsin in 1978 and practices in Minneapolis. He has not previously been the subject of a prior disciplinary proceeding in Wisconsin. Based on a stipulation of the parties, the referee, Attorney Janet A. Jenkins, made a finding of those facts found by the Minnesota Supreme Court in the disciplinary proceeding there.

Attorney Selmer was retained to represent a client in a personal injury matter in Wisconsin, for which it was agreed that he would be paid a contingent fee of one-third of all amounts recovered at or prior to trial or 45 percent of all amounts recovered in the event an appeal was necessary. Attorney Selmer commenced an action in July, 1986 and the defendant insurer notified him it would seek a declaratory judgment of no coverage. The summons and complaint in the declaratory judgment action were served on the client but she was unsuccessful in reaching Attorney Selmer because he had resigned from his law firm and had not notified her. Consequently, no answer to the complaint was filed. When he learned that a motion for default judgment was set for hearing, Attorney Selmer requested a postponement but it was denied. Because he was delayed on his way to the court for the hearing, the insurer was granted default judgment.

Attorney Selmer appealed the default judgment to the Wisconsin Court of Appeals in June, 1989 but dismissed the appeal after filing a motion to vacate the judgment in the circuit court. Attorney Selmer consented to a private reprimand from the Board for having incompetently filed that appeal: his notice of appeal was captioned in federal district court and stated that the appeal was being made to the United States Court of Appeals. Moreover, at the time he filed that notice of appeal, Attorney Selmer was suspended

from practice in Wisconsin for failure to comply with continuing legal education requirements.

The client's claim ultimately went to arbitration and the client was awarded $10,000. When he informed her of his receipt of that amount, the client asked Attorney Selmer to send her the check but he did not do so. He and the client corresponded thereafter on the question of how the proceeds of the settlement should be distributed and on November 5, 1990, the client wrote to him requesting an accounting.

On November 15, 1990, Attorney Selmer filed the first of three actions against his client for fees and costs asserted to be owing to him. The court dismissed the complaint on the ground that Attorney Selmer had not made a demand upon his client prior to initiating the action. Attorney Selmer then commenced a small claims action to recover the costs of collection and an action for attorney fees. Those actions claimed fees and expenses in varying amounts: the first action sought $4500, the amount to which he would have been entitled had the settlement been obtained after an appeal; in the second action, he sought $10,203.

In one of those actions, Attorney Selmer did not respond to interrogatories and a request for document production, despite frequent requests of opposing counsel to do so. He did respond, however, the day before the hearing on a motion to compel discovery. Thereafter, the client's attorney moved for a protective order and sanctions and the motion was granted. In November, 1991 the parties submitted the matter to fee arbitration, as the result of which the client was awarded $3338 and Attorney Selmer $6662.

The investigation of the client's complaint to the Minnesota disciplinary authorities disclosed that Attorney Selmer had not maintained proper trust

690

accounts, commingled personal and trust account funds, improperly retained in his trust account some $1200 in fees due him and issued four trust account checks payable to his employes. Further, one of his trust accounts was a non-interest-bearing account, contrary to the Minnesota rules.

Accepting the Minnesota Supreme Court's findings of fact, the referee concluded that Attorney Selmer's conduct in these matters violated the following rules: his failure to promptly provide his client with an accounting of funds he received on her behalf, despite her requests that he do so, violated SCR 20:1.15(b);[1] his charging and suing to collect an unreasonable fee and his abuse of the discovery process in litigation against his client violated SCR 20:1.5(a)[2] and 3.1(a)(3);[3] his failure to maintain proper trust account

[1] SCR 20:1.15(b) provides, in pertinent part:

**Safekeeping property.**

. . .

(b)  Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[2] SCR 20:1.5 provides, in pertinent part:

**Fees**
(a)  A lawyer's fee shall be reasonable.

[The factors to be considered in determining the reasonableness of a fee are set forth in subs. (1) through (8).]

[3] SCR 20:3.1 provides, in pertinent part:

**Meritorious claims and contentions**
(a)  In representing a client, a lawyer shall not:
. . .

records, his false certification that he had done so and his commingling of personal and client funds in his trust accounts violated SCR 20:1.15(a), (d) and (g)[4] and SCR 20:8.4(c).[5]

(3) file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is obvious that such an action would serve merely to harass or maliciously injure another.

[4] SCR 20:1.15 provides, in part:

**Safekeeping property.**
(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . . and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . .

. . .

(d) When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved.

. . .

(g) A member of the State Bar of Wisconsin shall file with the State Bar annually, with payment of the member's State Bar dues or upon such other date as approved by the Supreme Court, a certificate stating whether the member is engaged in the private practice of law in Wisconsin and, if so, the name of each bank, trust company, credit union or savings and loan association in which the member maintains a trust account, safe deposit box, or both, as required by this section. Each member shall explicitly certify therein that he or she has complied with each of the record-keeping requirements set forth in paragraph (3) hereof. . . .

[5] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .

692

On the basis of that misconduct, the Minnesota Supreme Court publicly reprimanded Attorney Selmer and placed him on two years' probation on terms which included that he maintain books and records concerning his law office income and expenses and funds held on behalf of clients and make those books and records available to the disciplinary authorities upon their request and provide copies of all required monthly reconciliation and trial balances. The referee in this proceeding recommended that the same discipline be imposed. The referee further recommended that Attorney Selmer be required to pay the costs of the proceeding, with an exception, to which the Board agreed, of the cost of the client's travel to Wisconsin in connection with this proceeding.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Selmer's professional misconduct in these matters. A public reprimand, together with the condition of submitting trust account records to the Board, is appropriate discipline for that misconduct.

IT IS ORDERED that Attorney Scott E. Selmer is publicly reprimanded as discipline for professional misconduct.

IT IS FURTHER ORDERED that for a period of two years, commencing the date of this order, Scott E. Selmer shall furnish to the Board of Attorneys Professional Responsibility quarterly or as the Board may otherwise direct a copy of his trust account records as specified by the Board.

IT IS FURTHER ORDERED that within 60 days of the date of this order Scott E. Selmer pay to the Board of Attorneys Professional Responsibility the costs of this

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

693

disciplinary proceeding as recommended by the referee, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Scott E. Selmer to practice law in Wisconsin shall be suspended until further order of the court.