IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Scott E. SELMER, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant-Respondent,

v.

Scott E. SELMER, Respondent-Appellant.

Supreme Court

*No. 98–0886–D. Oral argument June 3, 1999.—Decided June
23, 1999.*

(Also reported in 595 N.W.2d 373.)

For the respondent-appellant there were briefs by *Scott Herrick* and *Herrick, Kasdorf, Dymzarov & Vetzner*, Madison and oral argument by *Scott Herrick*.

For the complainant-respondent there was a brief and oral argument by *William J. Weigel*, counsel for the Board of Attorneys Professional Responsibility.

¶ 1. PER CURIAM. Attorney Scott E. Selmer appealed from the referee's recommendation that the court suspend his license for one year as discipline reciprocal to that imposed on him by the Minnesota Supreme Court in 1997. He contended that the referee in the instant proceeding erred in denying his request for time to conduct additional discovery and in recommending that the motion of the Board of Attorneys Professional Responsibility (Board) for summary judgment be granted. Arguing that an evidentiary hearing is needed to determine the existence of any of the three grounds set forth in the Wisconsin reciprocal discipline rule, SCR 22.25(5),[1] that would render improper the

---

[1] SCR 22.25 provides, in pertinent part:

imposition of discipline identical to that imposed in Minnesota, he asked that the matter be remanded to the referee to hold a hearing after he takes the depositions of three persons connected with the Minnesota proceeding.

¶ 2.   We determine that the referee's denial of Attorney Selmer's request for additional time to conduct discovery, which was implicit in her report recommending that summary judgment for the Board be granted, was proper and that the Board is entitled to judgment without an evidentiary hearing. Attorney Selmer failed to establish or demonstrate how additional discovery would establish any of the grounds that would make the imposition of reciprocal discipline inappropriate, that is, that the Minnesota disciplinary proceeding was so lacking in notice or opportunity to be heard as to have deprived him of due process, that there was such an infirmity of proof establishing his misconduct in that proceeding that the referee in the instant proceeding could not accept the Minnesota determination as final, or that his misconduct established in the Minnesota proceeding justifies substantially different discipline in Wisconsin. Accordingly, we suspend his license to practice law in

**Reciprocal discipline.**

. . .

(5)   Upon the expiration of 20 days from service of the complaint issued under sub. (2), the referee shall file a report with the court recommending the imposition of the identical discipline or medical suspension unless:

(a)   The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(b)   There was such an infirmity of proof establishing the misconduct or medical incapacity that the referee could not accept as final, the conclusion on that subject; or

(c)   the misconduct established justifies substantially different discipline in this state.

Wisconsin for 12 months as discipline reciprocal to that imposed by the Minnesota Supreme Court for his professional misconduct.

¶ 3.   The Minnesota referee concluded that Attorney Selmer had engaged in a pattern of frivolous and harassing conduct by filing counterclaims alleging racial discrimination in actions brought against him by his creditors and by filing claims in state and federal courts alleging racial discrimination, knowingly offered false and misleading evidence in response to discovery requests, failed to supplement incomplete and misleading responses to discovery requests, failed to comply or make reasonably diligent efforts to comply with legally proper discovery requests, made false statements of fact in attempts to advance his own interests, and engaged in dishonest conduct in those actions. Based on those conclusions, the referee in the instant proceeding concluded that Attorney Selmer violated the following Rules of Professional Conduct for Attorneys: SCR 20:3.1[2] by knowingly advancing

---

[2] SCR 20:3.1 provides,

**Meritorious claims and contentions**

(a)   In representing a client, a lawyer shall not:

(1)   knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law;

(2)   knowingly advance a factual position unless there is a basis for doing so that is not frivolous; or

(3)   file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is obvious that such an action would serve merely to harass or maliciously injure another.

(b)   A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in deprivation of liberty, may nevertheless so defend the proceeding as to require that every element of the case be established.

claims, defenses, or factual positions that were frivolous; SCR 20:3.3[3] by offering evidence he knew to be false; SCR 20:3.4[4] by failing to make reasonably dili-

---

[3] SCR 20:3.3 provides:

**Candor toward the tribunal**

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal;

(2) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;

(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

(b) The duties stated in paragraph (a) apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(c) A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

[4] SCR 20:3.4 provides:

**Fairness to opposing party and counsel**

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;

(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing part;

gent effort to comply with a legally proper discovery request by an opposing party; SCR 20:4.1[5] by knowingly making a false statement of fact to a third person.

¶ 4. Attorney Selmer was admitted to practice law in Wisconsin in 1978. His office is located in Minneapolis, Minnesota, and his current mailing address is in Golden Valley, Minnesota. He has been disciplined in Wisconsin twice previously: in 1990 the Board privately reprimanded him for failing to provide competent representation by filing papers that reflected a lack of knowledge of Wisconsin appellate procedure and tribunals and for filing documents with a circuit court and with the Court of Appeals while suspended from practice in this state for failure to comply with continuing legal education requirements. In 1995 the court imposed on him a public reprimand

---

(e)  in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness or a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

(f)  request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

(1)  the person is a relative or an employee or other agent of a client; and

(2)  the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

[5] SCR 20:4.1 provides:

**Truthfulness in statements to others**

In the course of representing a client a lawyer shall not knowingly:

(a)  make a false statement of a material fact or law to a third person; or

(b)  fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

reciprocal to the reprimand imposed on him by the Minnesota Supreme Court for the following misconduct: failing to promptly provide his client in a personal injury matter a full accounting of funds he received on her behalf, charging and suing that client to collect an unreasonable fee, abusing the discovery process in that action, failing to maintain proper trust account books and records and falsely certifying that he had done so, and commingling personal and client funds in his trust account. In addition to that reciprocal reprimand, we conditioned Attorney Selmer's continued practice of law on his furnishing the Board quarterly, or as the Board might otherwise direct, for a period of two years a copy of his trust account records. *Disciplinary Proceedings Against Selmer*, 195 Wis. 2d 687, 538 N.W.2d 252.

¶ 5. At oral argument in this appeal, counsel for Attorney Selmer asserted that Attorney Selmer's license to practice law in Minnesota currently is suspended. He stated further that Attorney Selmer has not engaged in the practice of law in Wisconsin since the one-year license suspension was imposed in Minnesota in September 1997.

¶ 6. The facts of the instant proceeding are not disputed. At the outset of the proceeding, the referee, Attorney Janet Jenkins, entered a scheduling order that provided a two-month period for completion of discovery. Two weeks after that order was entered, counsel for Attorney Selmer wrote counsel for the Board, with a copy to the referee, asking him to stipulate to a proposed order allowing Attorney Selmer to conduct depositions of three persons connected with the Minnesota disciplinary proceeding, including the prosecutor. Asserting that he would have to seek an order from the referee before proceeding with those

depositions, the letter stated that upon the Board counsel's stipulation to the depositions, he was requesting the referee to execute an enclosed order and notices of depositions; if the Board objected to the depositions, he was requesting the referee to schedule argument on his discovery request and to toll the discovery period pending resolution.

¶ 7. Board counsel declined to stipulate to the proposed depositions, stating, in part, that Minnesota would oppose the deposition of the person who prosecuted the Minnesota disciplinary proceeding on the ground that a court order from the appropriate Minnesota county was necessary to compel that person's testimony. Attorney Selmer's counsel never requested issuance of such a subpoena, nor did he reassert a request for discovery in the instant proceeding or ask the referee to extend the time to conduct discovery until more than three months after the discovery period set forth in the scheduling order had expired.

¶ 8. On November 5, 1998, after the Board had filed a motion for judgment on the basis of the pleadings and Attorney Selmer's responses to its interrogatories and demand for production of documents and after that motion had been fully briefed by both parties, Attorney Selmer filed with the referee a request for authorization to conduct the depositions of the three persons connected with the Minnesota disciplinary proceeding. The referee set a briefing schedule on the discovery motion, specifically directing Attorney Selmer to address her concerns regarding the untimeliness of the request, the pendency of the Board's summary judgment motion, and the relevance or materiality of the testimony of the proposed deponents. The referee requested "a fair amount of specificity about what [Attorney Selmer] believes that the testimony of

these individuals will bring to the issue before us." After Attorney Selmer filed his brief on the discovery issue and the Board filed a responsive brief arguing that the discovery Attorney Selmer requested was untimely and unsupported, the referee filed her report recommending that the Board's summary judgment motion be granted, as there was no genuine issue of material fact and, consequently, the Board was entitled to judgment as a matter of law.

¶ 9. In support of its motion for summary judgment, the Board submitted by affidavit its interrogatories and requests for production of documents and Attorney Selmer's answers and responses to them, the transcript of the four-day disciplinary hearing in Minnesota, Attorney Selmer's brief, appendix, and reply brief filed with the Minnesota Supreme Court in his appeal of the Minnesota referee's decision, and the brief and appendix of the Minnesota Office of Lawyers' Responsibility submitted in that appeal. For his part, Attorney Selmer submitted no affidavits or other evidence in opposition to the summary judgment motion and made no claim that he was unable to do so. Instead, he asserted that summary judgment should not be granted and that the referee should reserve judgment until he had a fair opportunity to develop at a hearing his full factual defense to the application of the Wisconsin reciprocal discipline rule. Significantly, Attorney Selmer did not raise in his brief the matter of the discovery depositions he had proposed in his June 3, 1998 letter to Board counsel.

¶ 10. The referee found that Attorney Selmer had been given the opportunity to develop his defense to the summary judgment motion and failed to demonstrate that there were genuine issues for hearing, as the only "facts" he submitted were his answers to the

Board's interrogatories, which the referee found insufficient in that they were not based on personal knowledge or on a factual basis but were conclusory, inadmissible hearsay, and irrelevant to the issue of the application of the reciprocal discipline rule. Thus, the referee concluded, the Board was entitled to judgment as a matter of law. The referee concluded further that, based on the Minnesota proceeding, the Board had established by clear and satisfactory evidence that Attorney Selmer engaged in professional misconduct, and she recommended that the court impose a reciprocal 12-month license suspension as discipline for it.

¶ 11.  In respect to the discipline recommended, the referee observed that Attorney Selmer had been involved in more than 20 legal actions arising from claims made by creditors against him individually or against his professional association in which he knowingly offered false and misleading evidence in response to discovery, failed to comply with discovery, made false statements of fact to advance his own interests, and engaged in dishonest conduct. The referee considered that misconduct serious and substantial, as it adversely affected others by putting them to the time and expense of defending claims for which Attorney Selmer had little or no evidence. The referee considered as aggravating factors that Attorney Selmer's misconduct was for his own personal gain, seeking to avoid the payment of legitimate claims of creditors, and that it was similar to his abuse of the litigation process to harass others for which he previously was publicly reprimanded.

¶ 12.  Attorney Selmer argued in this appeal that an evidentiary hearing is necessary to determine whether any of the three conditions that might prevent the imposition of identical reciprocal discipline has

been met and that the referee erred in recommending that summary judgment be granted to the Board. He contended further that the referee should have allowed him to depose three persons he believed had important personal knowledge regarding the Minnesota disciplinary proceeding that would be relevant to his contention that, in light of what he perceived to be a racial component and prosecutorial misconduct in that proceeding, the reciprocal discipline rule should not be applied to him.

¶ 13.   The referee properly refused to grant Attorney Selmer's motion for the authorization of discovery depositions. He filed that motion more than three months after the date set forth in the referee's scheduling order for completion of discovery had passed. There is no merit to Attorney Selmer's contention that he was entitled to rely on his letter to Board counsel during the discovery period seeking a stipulation to discovery depositions in which he stated that if the Board objected, he was requesting the referee to schedule argument and toll the discovery period pending resolution. When the Board told him five days prior to the expiration of the discovery period that it would not join in his request for the proposed discovery order, Attorney Selmer did not ask the referee to extend the discovery period until well after that period had expired. Indeed, he waited several months, even after the Board filed a motion for summary judgment and he had briefed that motion without raising the discovery matter, to ask the referee to authorize the discovery depositions.

¶ 14.   Notwithstanding the untimeliness of that motion, the referee set an expedited briefing schedule on it and specifically asked Attorney Selmer to address her concerns regarding its untimeliness, the pendency of the Board's summary judgment motion, and the rele-

vance or materiality of the testimony of the proposed deponents. Attorney Selmer's contention in this appeal that the referee failed to address his discovery motion is disingenuous. The referee implicitly denied Attorney Selmer's motion when she determined in her report that there was no genuine issue of material fact to warrant an evidentiary hearing and that the Board was entitled to judgment as a matter of law.

¶ 15.  As he did before the referee, Attorney Selmer also argued in this appeal that he was denied due process in the Minnesota proceeding for the reason that he was unable to present evidence concerning the reasonableness of his actions in the underlying litigation that led to that proceeding. Contrary to that contention, the referee found that Attorney Selmer not only had the opportunity to be heard in the Minnesota proceeding but also availed himself of that opportunity by testifying at length regarding his actions in those lawsuits and by cross-examining adverse witnesses.

¶ 16.  The referee found no evidence to substantiate Attorney Selmer's claim that he had been denied due process in the Minnesota proceeding by being barred from proving the merits of the racial discrimination claims he made in the underlying litigation in which his misconduct occurred because those cases had been settled prior to trial. Thus, he contended, he was unable to present exculpatory evidence in the Minnesota proceeding. The referee properly rejected Attorney Selmer's claim that further discovery in the context of those lawsuits would have provided evidence of racial discrimination, as he was not specific as to what evidence he expected to produce but only asserted generally the conclusion that evidence no longer available would have supported his racial discrimination allegations.

¶ 17.  Moreover, a reciprocal disciplinary proceeding does not afford an attorney the opportunity to relitigate misconduct allegations that have been heard and decided in another jurisdiction or to litigate the validity of the disciplinary proceeding in that jurisdiction. The conditions set forth in SCR 22.25(5) regarding deprivation of due process and infirmity of proof in a disciplinary proceeding in another jurisdiction are designed to ensure that the attorney had a full and fair opportunity to litigate the misconduct allegations in the proceeding and at the outcome of that proceeding was supported by the evidence. The record amply demonstrates that Attorney Selmer had been given the opportunity to present his claims and contentions in the course of the Minnesota disciplinary proceeding, both before the referee and before the Minnesota Supreme Court.

¶ 18.  We also reject Attorney Selmer's contention that the Minnesota proceeding was defective in that it was based on conduct that predated a prior imposition of discipline by the Minnesota authorities. He asserted that the conduct that was the subject of the second proceeding was known to the Minnesota disciplinary authorities but not included in the earlier proceeding that resulted in his being publicly reprimanded and placed on probation. While he accused the Minnesota authorities of not including all of his conduct in the first proceeding so that they would be able to allege in the second proceeding that he had violated the probation previously imposed, there was no finding or conclusion in the Minnesota referee's report or in the Minnesota Supreme Court's opinion that Attorney Selmer violated the probation earlier ordered. Moreover, the Minnesota Supreme Court explicitly addressed with approval the referee's rejection of Attorney Sel-

97

mer's argument regarding earlier misconduct being the subject of the second disciplinary proceeding. In that regard, the referee was satisfied that Attorney Selmer had been provided with a "panoply of due process protections," including a hearing, discovery, access to the disciplinary authority's files, entitlement to cross-examination, and the right of review.

¶ 19. We adopt the referee's findings of fact and conclusions of law in respect to the applicability of the reciprocal discipline rule in this proceeding. Attorney Selmer failed to establish that the Minnesota proceeding was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, that there was such an infirmity of proof establishing his misconduct in that proceeding that the referee could not accept as final the Minnesota conclusion on that subject, or that the misconduct established in the Minnesota proceeding justifies substantially different discipline in Wisconsin. The referee properly determined that the Board is entitled to judgment as a matter of law, and we accept the referee's recommendation that identical reciprocal discipline be imposed. In light of the representation that he has not practiced law in Wisconsin at least since September 1997, we order that suspension to commence forthwith. We also require Attorney Selmer to pay the costs of this proceeding, as the referee recommended.

¶ 20. IT IS ORDERED that the license of Scott E. Selmer to practice law in Wisconsin is suspended for 12 months, commencing the date of this order.

¶ 21. IT IS FURTHER ORDERED that within 60 days of the date of this order, Scott E. Selmer pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a show-

ing to this court of his inability to pay the costs within that time, the license of Scott E. Selmer to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 22. IT IS FURTHER ORDERED that Scott E. Selmer comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 23. DONALD W. STEINMETZ, J., did not participate.