IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Scott E. SELMER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Scott E. SELMER, Respondent.

Supreme Court

*No. 2008AP2868–D. Decided February 17, 2009.*

2009 WI 15

(Also reported in 761 N.W.2d 6.)

¶ 1. PER CURIAM. The Office of Lawyer Regulation (OLR) has filed a complaint and motion pursuant

650

to SCR 22.22 requesting that this court impose reciprocal discipline against Attorney Scott E. Selmer identical to the public reprimand imposed by the Minnesota Supreme Court. The OLR's complaint further alleges that Attorney Selmer failed to notify the OLR of the public reprimand in Minnesota within 20 days of the effective date of the order, contrary to SCR 22.22(1).[1]

¶ 2. On November 20, 2008, in response to the OLR's motion, this court issued an order directing Attorney Selmer to show cause in writing by December 10, 2008, why the imposition of the identical discipline imposed by the Minnesota Supreme Court would be unwarranted. Attorney Selmer failed to respond to either the OLR's complaint or the order to show cause.

¶ 3. Attorney Selmer was licensed to practice law in Wisconsin in 1978 and was admitted to practice law in Minnesota in 1991. His most recent address is Golden Valley, Minnesota. In 1990 he received a consensual private reprimand for filing documents with the Pierce County circuit court and the court of appeals while under a continuing legal education (CLE) suspension. In 1995 he was publicly reprimanded for failing to promptly provide a client in a personal injury matter with a full accounting of funds. *See In re Disciplinary Proceedings Against Selmer,* 195 Wis. 2d 687, 538 N.W.2d 252 (1995). In 1999 Attorney Selmer's law license was reciprocally suspended for a period of one year for professional misconduct in Minnesota consist-

---

[1] SCR 22.22(1) provides:   Reciprocal discipline.

An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

ing of engaging in a pattern of frivolous and harassing conduct by filing counterclaims alleging racial discrimination in actions brought against him by his creditors. *See In re Disciplinary Proceedings Against Selmer,* 227 Wis. 2d 85, 595 N.W.2d 373 (1999). Attorney Selmer's license to practice law in Wisconsin is currently suspended for failure to comply with CLE requirements and for failure to pay his state bar dues.

¶ 4. On May 22, 2008, the Minnesota Supreme Court ordered Attorney Selmer to be publicly reprimanded and also ordered one year of unsupervised probation. The misconduct upon which Attorney Selmer's Minnesota discipline was imposed consisted of failure to comply with the terms of probation; failure to file timely individual income tax returns; and a fifth-degree assault conviction.

¶ 5. SCR 22.22(3) provides that this court "shall impose the identical discipline or license suspension unless . . . [t]he procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process" violation; "there was such an infirmity of proof establishing the misconduct . . . that [this court] could not accept as final" the other jurisdiction's misconduct finding; or "the misconduct justifies substantially different discipline" here. Attorney Selmer has not alleged that any of these three exceptions exist. Accordingly, the imposition of reciprocal discipline against Attorney Selmer is warranted.

¶ 6. IT IS ORDERED that Scott E. Selmer is publicly reprimanded as reciprocal discipline to that imposed by the Minnesota Supreme Court.