# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP2303-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Scott E. Selmer, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>    v.<br>Scott E. Selmer,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST SELMER

| | |
|---|---|
| OPINION FILED: | July 15, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP2303-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Scott E. Selmer, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Scott E. Selmer,**

      **Respondent.**

**FILED**

JUL 15, 2016

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is a reciprocal discipline matter. On November 13, 2015, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22,[1] requesting this court suspend Attorney Scott E.

_____

[1] SCR 22.22 (Reciprocal discipline) provides:
    (1) An attorney on whom public discipline for misconduct or a license suspension for medical

(continued)

incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub.(3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity,

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub.(3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity

(continued)

2

Selmer's license to practice law in Wisconsin for a period of 12 months, as reciprocal discipline identical to that imposed by the Minnesota Supreme Court. Upon our review, we agree that it is appropriate to impose the same 12-month suspension imposed by the Minnesota Supreme Court, as well as the costs of this proceeding, and we reject Attorney Selmer's arguments to the contrary.

¶2 Attorney Selmer was admitted to practice law in Wisconsin in 1978. Attorney Selmer's Wisconsin law license is currently suspended for failure to comply with CLE reporting requirements, for failure to pay annual bar dues, and for failure to provide a required trust account certification.

---

shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

Attorney Selmer was admitted to practice law in Minnesota in 1984. He presently resides in New York.

¶3 The following facts are taken from the OLR's complaint relating to the Minnesota disciplinary proceedings and the documents attached to that complaint. Attorney Selmer's professional disciplinary history in Wisconsin consists of:

- A 1990 private reprimand for practicing law when his license was suspended for failure to meet CLE requirements, by filing documents with the Pierce County Circuit Court and Wisconsin Court of Appeals. *Private Reprimand 1990-23.*

- A 1995 public reprimand for failure to promptly provide his client in a personal injury matter a full accounting of funds he received on her behalf, charging and suing that client to collect an unreasonable fee, abusing the discovery process in that action, and failing to maintain proper trust account books and records, falsely certifying that he had done so and commingling personal and client funds in his trust account. Disciplinary Proceedings Against Selmer, 195 Wis. 2d 687, 538 N.W.2d 252 (1995).

- A 1999 one-year suspension for engaging in a pattern of frivolous and harassing conduct by filing counterclaims alleging racial discrimination in actions brought against him by his creditors and by filing claims in state and federal courts alleging racial discrimination, knowingly offering false and misleading evidence in response to discovery requests, failing to supplement incomplete and misleading responses to discovery requests, failing to comply or make reasonably diligent efforts to comply with legally proper discovery requests, making false statements of fact in attempts to advance his own interests, and engaging in dishonest conduct in those actions. Disciplinary Proceedings Against Selmer, 227 Wis. 2d 85, 595 N.W.2d 373 (1999).

- A 2009 public reprimand for failure to comply with the terms of probation, failure to file timely

4

individual income tax returns, and a fifth-degree assault conviction. Disciplinary Proceedings Against Selmer, 2009 WI 15, 315 Wis. 2d 650, 761 N.W. 2d 6.

¶4 In the Minnesota proceeding giving rise to this reciprocal discipline case, the Minnesota Supreme Court noted that Attorney Selmer had been disciplined in Minnesota on four prior occasions. In 1995 Attorney Selmer was publically reprimanded and placed on probation for several violations, including abusing the discovery process. In re Selmer, 529 N.W.2d 684, 685 (Minn. 1995). In 1995, the Minnesota Supreme Court affirmed an admonition issued to Attorney Selmer for improperly charging a client. In 1997, the Minnesota Supreme Court suspended Attorney Selmer for 12 months for engaging in a pattern of harassing and frivolous litigation and failing to comply with discovery requests. In re Selmer, 568 N.W.2d 702, 704-05 (Minn. 1997). In 2008, the Minnesota Supreme Court publicly reprimanded Attorney Selmer and placed him on probation in part for failing to pay a judgment entered against him. In re Selmer, 749 N.W.2d 30, 33 (Minn. 2008).

¶5 On July 15, 2015, effective July 29, 2015, the Minnesota Supreme Court indefinitely suspended Attorney Selmer's Minnesota law license, with no right to petition for reinstatement for a minimum of 12 months. The Minnesota Supreme Court found that Attorney Selmer violated Minnesota Rules of Professional Conduct sections 1.1, 3.1, 3.4(c), 3.4(d), and 8.4(d) through a pattern of frivolous and harassing litigation, a failure to obey court orders, and a failure to comply with legally proper discovery requests. The Minnesota court found

5

that Attorney Selmer filed ten separate lawsuits in two different counties, the court of appeals, and a Minnesota federal district court, and then repeatedly failed to obey court orders, appear for hearings, or otherwise respond to pleadings and discovery requests. All ten lawsuits were dismissed based either on the frivolity of Attorney Selmer's arguments or because he failed to comply with court rules. The court noted that two of Attorney Selmer's four prior Minnesota disciplinary proceedings were for similar conduct, engaging in a pattern of harassing and frivolous litigation.

¶6 In its complaint, the OLR alleged that Attorney Selmer is subject to reciprocal discipline and that, by failing to notify OLR of his suspension in Minnesota for professional misconduct within 20 days of the effective date of its imposition, Selmer violated SCR 22.22(1).

¶7 The OLR asked this court to issue an order, pursuant to SCR 22.22(2)(b), directing Attorney Selmer to inform the court in writing of any claim by him, predicated upon the grounds set forth in SCR 22.22(3), that the imposition of discipline reciprocal to that imposed in Minnesota would be unwarranted, and of the factual basis for any such claim. Delay ensued because of difficulty completing proof of service. This court issued the requested order on February 9, 2016.

¶8 On March 1, 2016, Attorney Selmer responded to this court's order. He filed an answer to the order to show cause, an answer to the complaint, and a motion to dismiss or for an extension of time.

6

¶9 Attorney Selmer's cursory answer merely denies "each and every material allegation of the complaint" and seeks dismissal of the complaint.

¶10 Attorney Selmer contends the "Minnesota court that held him in violation of the Minnesota Rules of Professional Responsibility were specious due to the fact that the original trial court of Minnesota lacked subject matter jurisdiction in the original action which culminated in respondent's suspension." He asks this court to dismiss the order to show cause, enter judgment in his favor, and, in the alternative, he seeks a trial on the merits.

¶11 On March 16, 2016, the court ordered the OLR to respond to Attorney Selmer's filings. OLR did so, maintaining that imposition of reciprocal discipline is appropriate based on the record presented to this court. We agree.

¶12 We decline the OLR's invitation to strike Attorney Selmer's cursory answer, but agree that it is wholly insufficient to warrant dismissal of the OLR complaint.

¶13 Next we consider Attorney Selmer's challenge to the order to show cause. Attached to the OLR disciplinary complaint are a number of documents from the Minnesota disciplinary proceeding including the 18-page petition for disciplinary action filed in December 2013, an affidavit of service, the referee's detailed and thoughtful 26-page findings of fact, conclusions of law and recommendation for discipline, and the 17-page per curiam decision rendered by the Minnesota Supreme Court on July 15, 2015.

¶14 SCR 22.22(4) provides: "Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule."

¶15 A copy of the Minnesota Supreme Court's final adjudication of Attorney Selmer's misconduct accompanies the OLR complaint and is conclusive evidence of Attorney's Selmer's misconduct for purposes of this proceeding.

¶16 SCR 22.22(3) provides that this court shall impose the identical discipline or license suspension unless one or more of the following is present:

> (a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

> (b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

> (c) The misconduct justifies substantially different discipline in this state.

Attorney Selmer claims that the Minnesota trial court lacked subject matter jurisdiction in the underlying action giving rise to his suspension, and as a basis for his motion to dismiss this action, relies upon all the files and records he filed in defense of the misconduct charges brought by the Minnesota

Office of Lawyers Professional Responsibility. Neither claim falls within the purview of SCR 22.22(a) through (c).

¶17 SCR 22.22(3)(a) ensures that a disciplinary respondent is afforded "notice and opportunity to be heard." The record before this court demonstrates that Attorney Selmer was personally served with the Minnesota disciplinary complaint and that a full, two-day evidentiary hearing on the merits was conducted. Attorney Selmer participated in that hearing. Attorney Selmer has failed to demonstrate a lack of due process as to notice or opportunity to be heard in the Minnesota proceeding.

¶18 SCR 22.22(3)(b) provides that this court shall impose the identical discipline or license suspension unless there "was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity." Attorney Selmer fails to satisfy this criterion as well. Again, the Minnesota court conducted a full hearing on the merits. The referee's findings of fact, conclusions of law, and the certified copy of the Minnesota Supreme Court's opinion issued July 15, 2015 reflect the extensive procedural and substantive history of the Minnesota disciplinary process.

¶19 SCR 22.22(3)(c) pertains if the misconduct justifies substantially different discipline in this state. The sanction imposed for Attorney Selmer's misconduct in Minnesota is not substantially different from the typical sanction for comparable misconduct in Wisconsin. As the Minnesota Supreme Court noted,

9

Attorney Selmer's misconduct was serious, and spanned a significant number of court files at the state district, federal district, and state appellate levels, all of which were dismissed based either on the frivolity of Attorney Selmer's arguments or because Attorney Selmer failed to comply with court rules.

¶20 Attorney Selmer has wholly failed to provide any claim predicated upon the grounds set forth in SCR 22.22(3) indicating that imposition of the identical discipline or license suspension by this court would be unwarranted.

¶21 Finally, notwithstanding Attorney Selmer's unsupported and conclusory denials, the record supports the OLR's assertion that Attorney Selmer failed to timely notify OLR of his suspension in Minnesota, which constitutes misconduct pursuant to SCR 22.22(1).

¶22 Accordingly, we deny Attorney Selmer's Motion to Dismiss or [for] Extension of Time and his request for a trial. We grant the OLR's request and suspend Attorney Scott E. Selmer's license to practice law in Wisconsin for 12 months as discipline reciprocal to that imposed upon him in Minnesota.

¶23 Attorney Selmer shall pay the full costs of this proceeding which total $842.50 as of May 19, 2016. He has identified no factors that would justify a reduction in costs. See SCR 22.24(1m).

¶24 IT IS ORDERED that the license of Scott E. Selmer to practice law in Wisconsin is suspended for a period of 12 months, effective the date of this order.

10

¶25  IT IS FURTHER ORDERED that within 60 days of the date of this order, Scott E. Selmer shall pay to the Office of Lawyer Regulation the costs of this proceeding which total $842.50 as of May 19, 2016.

¶26  IT IS FURTHER ORDERED that the administrative suspension of Scott E. Selmer's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues and failure to comply with continuing legal education requirements, and failure to complete trust account certification, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

¶27  IT IS FURTHER ORDERED that, to the extent he has not already done so, Scott E. Selmer shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.