# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP2303-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Scott E. Selmer, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>    v.<br>Scott E. Selmer,<br>       Respondent. |

ATTORNEY SELMER REINSTATEMENT PROCEEDINGS
Reported at 371 Wis. 2d 377,882 N.W.2d 815
PDC No:2016 WI 71 - Published

| | |
|---|---|
| OPINION FILED: | March 3, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per Curiam.

| | |
|---|---|
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP2303-D

STATE OF WISCONSIN       :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Scott E. Selmer, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

   **v.**

**Scott E. Selmer,**

       **Respondent.**

**FILED**

**MAR 3, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding. *Reinstatement granted with conditions.*

¶1 PER CURIAM. We review a report filed by Referee L. Michael Tobin recommending that the court reinstate the license of Scott E. Selmer to practice law in Wisconsin with conditions. No appeal has been filed from the referee's report and recommendation, so our review proceeds pursuant to Supreme Court Rule (SCR) 22.33(3). Upon careful review of the matter, we adopt the referee's findings of fact and conclusions of law and agree that Attorney Selmer's petition for reinstatement should be granted, upon two conditions, as set forth herein. We

reserve the question whether the costs of this reinstatement proceeding, should be paid by Attorney Selmer, pending receipt of additional information.[1]

¶2 Attorney Selmer was admitted to the practice of law in Wisconsin in 1978, and admitted to practice law in Minnesota in 1984. Attorney Selmer has received professional discipline in both jurisdictions; his Minnesota law license remains suspended.

¶3 Attorney Selmer's Wisconsin disciplinary history consists of the following:

- A 1990 private reprimand for filing documents with the Pierce County Circuit Court and Wisconsin Court of Appeals during a time when his license was suspended for failure to meet continuing legal education requirements. Private Reprimand No. 1990-23 (electronic copy available at https://compendium.wicourts.gov/app/raw/000021.html).

- A 1995 public reprimand for failure to promptly provide his client in a personal injury matter a full accounting of funds he received on her behalf, charging and suing that client to collect an unreasonable fee, abusing the discovery process in that action, and failing to maintain proper trust account books and records, falsely certifying that he had done so, and commingling personal and client funds in his trust account. In re Disciplinary Proceedings Against Selmer, 195 Wis. 2d 687, 538 N.W.2d 252 (1995).

- A 1999 one-year suspension imposed as discipline reciprocal to that imposed in Minnesota for engaging in a pattern of frivolous and harassing conduct by filing counterclaims alleging racial discrimination in actions brought against him by his creditors and by filing claims in state and federal courts alleging racial discrimination, knowingly offering false and misleading

---

[1] On February 8, 2021, Referee Tobin filed a supplemental report recommending the court exercise discretion under SCR 22.24(1m)(f) and 22.29(5), and impose no costs in this proceeding. This matter remains pending.

evidence in response to discovery requests, failing to supplement incomplete and misleading responses to discovery requests, failing to comply or make reasonably diligent efforts to comply with legally proper discovery requests, making false statements of fact in attempts to advance his own interests, and engaging in dishonest conduct in those actions. In re Disciplinary Proceedings Against Selmer, 227 Wis. 2d 85, 595 N.W.2d 73 (1999).

- A 2009 public reprimand imposed as discipline reciprocal to discipline imposed in Minnesota for failing to comply with terms of probation, failing to file timely individual income tax returns, and a fifth-degree assault conviction. In re Disciplinary Proceedings Against Selmer, 2009 WI 15, 315 Wis. 2d 650, 761 N.W.2d 6.

- A 2016 one-year suspension imposed as discipline reciprocal to that imposed in Minnesota for engaging in a pattern of frivolous and harassing litigation, failure to obey court orders and a failure to comply with legally proper discovery requests. In re Disciplinary Proceedings Against Selmer, 2016 WI 71, 371 Wis. 2d 377, 882 N.W.2d 815.

¶4 On April 8, 2020, Attorney Selmer filed a petition seeking reinstatement from the one-year license suspension, which expired in July 2017. The Office of Lawyer Regulation (OLR) filed a response on October 22, 2020, stating that based upon its investigation it would not oppose Attorney Selmer's reinstatement, but would recommend his reinstatement be subject to certain conditions, namely entering into a payment plan for outstanding unpaid costs, and mentoring by another attorney.

¶5 Referee Tobin conducted an evidentiary hearing on November 19, 2020. The only witness at the hearing was Attorney Selmer.

¶6 On December 30, 2020, Referee Tobin issued a report making detailed findings. Referee Tobin concluded that Attorney

3

Selmer had satisfied his burden of proof and had met all the requirements for reinstatement set forth in SCR 22.31 and 22.29(4).[2] The referee thereby recommended Attorney Selmer's reinstatement to the practice of law on the two conditions recommended by the OLR.

¶7 The referee found that Attorney Selmer has fully complied with the terms of the order of suspension. Although he has not fully paid the costs of prior disciplinary proceedings for demonstrated financial reasons, he has stated his intent to establish payment arrangements for any costs he may owe.[3] The referee notes that during his suspension, Attorney Selmer resided primarily in Minnesota, working at various part-time non-legal jobs, and attending school. Attorney Selmer testified to difficulty finding and maintaining employment when employers learned of his disciplinary history through internet searches.

---

[2] Effective January 1, 2021, substantial changes were made to the rules pertaining to lawyer disciplinary procedures, including the reinstatement rules, SCR 22.29 through 22.33. See S. Ct. Order 19-06, 19-07, 19-08, 19-09, 19-10, 19-11, and 19-12, 2020 WI 62 (issued June 30, 2020, eff. Jan. 1, 2021). Because this reinstatement proceeding commenced prior to January 1, 2021, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to January 1, 2021.

[3] According to the OLR, Attorney Selmer has not paid the $842.52 in costs from the 2016 disciplinary matter and owes $15,830.35 in costs imposed for previous disciplinary proceedings, exclusive of post-judgment interest. No restitution was ordered in the underlying reciprocal suspension order.

4

¶8 At the hearing, Attorney Selmer testified that some of his prior misconduct occurred when he was representing himself and that he has learned that he should advocate to the best of his ability, but should pull back from future situations that could arguably run afoul of ethical rules. Attorney Selmer also indicated that he would seek advice from other attorneys, such as through the State Bar's Ethics Hotline. If reinstated, Attorney Selmer intends to engage in service work such as public defender representation, mediation, arbitration, and document review.

¶9 The referee noted that Attorney Selmer provided positive written recommendations from five individuals who recommended his reinstatement and who attest to Attorney Selmer's "honesty and candor," "impeccable honesty," and "fair and honest" character. In addition, Attorney Selmer provided the testimony of ethics expert Professor Richard Painter, who testified on Attorney Selmer's behalf in a 2019 Minnesota reinstatement proceeding, describing Attorney Selmer as "very honest" and "very earnest."

¶10 In deciding whether to recommend reinstatement, the referee acknowledged that Attorney Selmer's extensive disciplinary history is a concern, but concluded that "the entire record, including the age of some of this disciplinary history, the expiration of the current suspension period in July 2017, and the strength of the current references, outweighs this concern."

¶11 The referee then addressed whether conditions should be imposed upon Attorney Selmer's reinstatement. The OLR supported Attorney Selmer's reinstatement provided that Attorney Selmer's return to practice be under the supervision of a mentor, and that Attorney Selmer enter into a payment plan to repay costs owed from this proceeding and prior Wisconsin disciplinary proceedings. Attorney Selmer did not oppose the payment plan condition, but he expressed strong reservations about supervision by a mentor, and queried whether this condition was influenced by racial bias. The referee acknowledged Attorney Selmer's "strong opinions regarding not only his personal history, but also the disparate treatment that minorities encounter in the justice system" citing Ashley Nellis, The Color of Justice: Racial and Ethnic Disparity in State Prisons (2016), https://www.sentencingproject.org/publications/color-of-justice-racial-and-ethnic-disparity-in-state-prisons.

¶12 Ultimately, the referee found that nothing in this proceeding suggests that the OLR's recommendation is racially motivated and that the extent and nature of Attorney Selmer's disciplinary record - five separate disciplinary proceedings involving abuse of legal process, frivolous filings, and failure to file required reports and documents – support requiring supervision by a mentor as a condition of his reinstatement. The referee added that the appropriateness of a mentoring condition is bolstered by the fact that it has been several years since Attorney Selmer has practiced law. Moreover, he is

6

likely to be a solo practitioner, at least initially, and thereby not subject to a direct supervisor, as many attorneys have as part of employment in a private firm or a government agency.[4] Attorney Selmer has indicated that although he disagrees with a mentoring condition he will abide by it if imposed. Having concluded that Attorney Selmer had met his burden with respect to each of the requirements of reinstatement, the referee recommended reinstatement, upon the two conditions requested by the OLR.

¶13 No appeal was filed so our review proceeds under SCR 22.33(3). When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶14 Supreme Court Rule 22.29(4) provides that a petition for reinstatement must show all the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

---

[4] Supervising attorneys have responsibility to make "reasonable efforts" to ensure ethical conduct by all attorneys under their supervision. See SCR 20:5.1(b) (Responsibilities of partners, managers, and supervisory lawyers).

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

¶15 Supreme Court Rule 22.31(1)(c) provides that an attorney seeking reinstatement has the burden of demonstrating all of the above requirements by clear, satisfactory, and convincing evidence. Supreme Court Rule 22.31(1) also provides that an attorney seeking reinstatement must show by clear,

8

satisfactory, and convincing evidence that he or she has the moral character to practice law; that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest; and that he or she has complied with SCR 22.26 and the terms of the underlying disciplinary order. See SCR 22.31(1)(a), (b), and (d).

¶16 Upon review of the record and the excellent report detailing Attorney Selmer's satisfaction of each of these criteria, we adopt the referee's findings of fact and conclusions of law and we agree that Attorney Selmer has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement and may be reinstated, upon conditions. We agree that Attorney Selmer's disciplinary record supports the OLR's request and the referee's recommendation that a payment plan should be required and that an attorney should be appointed to mentor Attorney Selmer during his transition back to the practice of law, to ensure protection of the public and to aid the administration of justice.

¶17 Accordingly, we accept the referee's recommendation to reinstate Attorney Selmer's license to practice law in Wisconsin, subject to the conditions as set forth herein. We reserve the question whether Attorney Selmer shall be required to pay the full costs of this proceeding, pending receipt of further information; the costs issue will be resolved by separate order.

¶18 IT IS ORDERED that the license of Scott E. Selmer to practice law in Wisconsin is reinstated, effective the date of this order, upon the following conditions:

(1) Scott E. Selmer shall, promptly upon reinstatement and prior to his resumption of the practice of law, identify an attorney approved by the Office of Lawyer Regulation who shall be appointed to serve as a mentor to Attorney Selmer and to oversee his practice of law for a period of 18 months, and who shall provide written quarterly reports to the Office of Lawyer Regulation commencing three months after Attorney Selmer's reinstatement, and continuing for a period of 18 months thereafter;[5] and

(2) Scott E. Selmer shall, promptly upon reinstatement, enter into a written agreement with the Office of Lawyer Regulation to repay costs related to his prior Wisconsin disciplinary proceedings together with any costs imposed related to this proceeding, commensurate with his ability to pay. This agreement shall require that Attorney Selmer provide the OLR with financial information upon request to facilitate review of his ability to repay these costs.

---

[5] The OLR's pre-hearing written response to Attorney Selmer's petition recommended a two-year duration for this condition. The referee deemed 18 months sufficient and the OLR has not appealed this recommendation.

¶19  IT  IS  FURTHER  ORDERED  that  the  administrative suspension  of  Scott  E.  Selmer's  license  to  practice  law  in Wisconsin,  due  to  his  failure  to  pay  mandatory  bar  dues,  for failure  to  file  Office  of  Lawyer  Regulation  trust  account certification,  and  for  noncompliance  with  continuing  legal education  requirements,  will  remain  in  effect  until  each  reason for  the  administrative  suspension  has  been  rectified  pursuant  to SCR  22.28(1).

¶20  IT  IS  FURTHER  ORDERED  that  the  court  reserves  the question  of  the  payment  of  costs  for  this  proceeding,  pending receipt  of  additional  information;  the  costs  issue  will  be resolved  by  separate  order.