IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Louis A. STOCKMAN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Louis A. STOCKMAN, Respondent.

Supreme Court

*No. 2012AP1395–D.—Decided October 10, 2012.*

2012 WI 110

(Also reported in 821 N.W.2d 249.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶ 1. PER CURIAM. This is a reciprocal discipline matter. On June 22, 2012, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to SCR 22.22 requesting that this court suspend the license of Attorney Louis A. Stockman for a period of five months as reciprocal discipline identical to that imposed by the Minnesota Supreme Court.

¶ 2. Attorney Stockman was admitted to practice law in Wisconsin in 1999 and was previously admitted to practice law in Minnesota in 1993.

¶ 3. The OLR's complaint noted that on February 17, 2012, the Minnesota Supreme Court suspended Attorney Stockman's license to practice law in Minnesota with no right to petition for reinstatement for a minimum of five months, effective March 3, 2012. The Minnesota Supreme Court found that Attorney Stockman's conduct violated multiple Minnesota Rules of Professional Conduct. Attorney Stockman's misconduct consisted of negligent misappropriation and mishandling of client funds, commingling personal and client funds, failure to maintain required trust account records, sharing legal fees with a non-lawyer assistant, failure to diligently resolve a client matter and return a contingent fee to his client trust account, failure to clearly communicate the basis and rate of fees, failure to provide a client with a settlement statement and remit personal funds to a client, and engaging in a pattern of client-related misconduct.

¶ 4. On July 17, 2012, following the OLR's filing of an affidavit of service of the complaint on Attorney Stockman, this court issued an order directing Attorney Stockman to show cause why the imposition of the

27

identical discipline imposed by the Minnesota Supreme Court would be unwarranted. Attorney Stockman failed to respond to the order to show cause.

¶ 5.  Under SCR 22.22(3),[1] in reciprocal discipline matters, this court shall impose the identical discipline unless one of the enumerated exceptions is shown. There is no indication that any of those exceptions apply in this case.

¶ 6.  IT IS ORDERED that the license of Louis A. Stockman to practice law in Wisconsin is suspended for a period of five months, effective the date of this order.

¶ 7.  IT IS FURTHER ORDERED that Louis A. Stockman shall comply with the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been suspended.

---

[1] SCR 22.22(3) states as follows:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.