# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP516-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Louis Andrew Stockman, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>    v.<br>Louis Andrew Stockman,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST STOCKMAN

| | |
|---|---|
| OPINION FILED: | October 7, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP516-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Louis Andrew Stockman, Attorney at Law:**

**Office of Lawyer Regulation,**

            **Complainant,**

      **v.**

**Louis Andrew Stockman,**

            **Respondent.**

**FILED**

**OCT 7, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1   PER CURIAM.   This is a reciprocal discipline case. On March 7, 2014, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22 asking that this court suspend the license of Attorney Louis Andrew Stockman for a period of six months as reciprocal discipline identical to that imposed by the Minnesota Supreme Court.

¶2 Attorney Stockman was admitted to practice law in Wisconsin in 1999. He was previously admitted to practice law in Minnesota in 1993. On October 10, 2012, Attorney Stockman's Wisconsin law license was suspended for a period of five months as a result of discipline reciprocal to that imposed in Minnesota. See In re Disciplinary Proceedings Against Stockman, 2012 WI 110, 344 Wis. 2d 26, 821 N.W.2d 249. His Wisconsin license remains suspended.

¶3 The OLR's complaint noted that on February 8, 2013, the Minnesota Supreme Court suspended Attorney Stockman's license to practice law in that state for a period of six months for misconduct consisting of neglecting and failing to communicate with two clients; failing to respond to communication from opposing counsel, including discovery requests; making a false statement to opposing counsel; failing to properly supervise another lawyer in his law firm; failing to comply with and making false statements regarding his compliance with the notice requirements for a previous suspension from the practice of law; displaying signage and utilizing law firm and other designations falsely implying that he continued to be licensed to practice law while he was suspended; engaging in the unauthorized practice of law; and contracting for legal advertising in various telephone directories that would be distributed during the period of his suspension.

¶4 The OLR's complaint also alleged that by failing to notify the OLR of his suspension in Minnesota within 20 days of

2

the effective date of its imposition, Attorney Stockman violated SCR 22.22(1).

¶5 On April 15, 2014, this court issued an order directing Attorney Stockman to show cause why the imposition of the identical discipline to that imposed by the Minnesota Supreme Court would be unwarranted. Attorney Stockman has not responded to the order to show cause.

¶6 Under SCR 22.22(3), in reciprocal discipline matters, this court shall impose the identical discipline unless one of the enumerated exceptions is shown. There is no indication that any of those exceptions apply in this case.

¶7 IT IS ORDERED that the license of Louis Andrew Stockman to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶8 IT IS FURTHER ORDERED that Louis Andrew Stockman shall comply with the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been suspended.

¶9 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).