IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mark MILOS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Mark MILOS, Respondent.

Supreme Court

*No. 2011AP2625-D.—Decided February 3, 2012.*

2012 WI 6

(Also reported in 808 N.W.2d 128.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶ 1. PER CURIAM.   This is a reciprocal discipline matter. The Office of Lawyer Regulation (OLR) filed a

complaint against Attorney Mark Milos seeking the imposition of discipline reciprocal to that imposed by the Illinois Supreme Court. On September 26, 2011, the Illinois Supreme Court suspended Attorney Milos' Illinois law license for 90 days, effective October 17, 2011, based on two counts of misconduct. Attorney Milos and the OLR have entered a stipulation under SCR 22.12 for the imposition of discipline reciprocal to that imposed by the Illinois Supreme Court. After our review of the matter, we accept the stipulation and impose the same 90–day suspension imposed by the Illinois Supreme Court. We also require that Attorney Milos comply with the terms and conditions established by the Illinois Supreme Court. Because the parties' stipulation does not address the issue of costs, and because the stipulation requests that this court issue a final order consistent with the stipulation, no costs will be imposed.

¶ 2.   Attorney Milos was admitted to practice law in both Illinois and Wisconsin in 2007. Attorney Milos practices law in Kenosha, Wisconsin.

¶ 3.   The following facts are taken from documents relating to the Illinois disciplinary proceedings, which were attached to the OLR's complaint and acknowledged in the parties' stipulation. Attorney Milos obtained a Wisconsin real estate broker's license in 2008. In 2009 Attorney Milos used his Wisconsin real estate broker's license to enter a Kenosha, Wisconsin, condominium owned by his client's opponent in litigation, and obtained evidence that he later used in that litigation matter. Attorney Milos also made false statements to a police officer investigating Attorney Milos' entry into the condominium.

317

¶ 4.   On May 26, 2010, the Illinois Attorney Registration and Disciplinary Commission (the Illinois Commission) filed a complaint against Attorney Milos alleging two counts of misconduct:

Count I:   Making a statement of material fact to a tribunal which the lawyer knows or reasonably should know is false, in violation of Rule 3.3(a)(1) of the Illinois Rules of Professional Conduct (IRPC); using methods of obtaining evidence that violate the legal rights of a third person, in violation of IRPC 4.4; conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of IRPC 8.4(a)(4); conduct that is prejudicial to the administration of justice, in violation of IRPC 8.4(a)(5); and conduct which tends to bring the courts or the legal profession into disrepute, in violation of Illinois Supreme Court Rule 770.

Count II:   Making statements of material fact to a third person which the lawyer knows or reasonably should know are false, in violation of IRPC 4.1(a); conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of IRPC 8.4(a)(4); conduct that is prejudicial to the administration of justice, in violation of IRPC 8.4(a)(5); and conduct which tends to bring the courts or the legal profession into disrepute, in violation of Illinois Supreme Court Rule 770.

¶ 5.   Attorney Milos joined a petition filed by the Illinois Commission in the Illinois Supreme Court to impose discipline on consent. On June 13, 2011, at a hearing before the Illinois Commission, Attorney Milos, through counsel, asked the panel to approve the petition to impose discipline on consent. Attorney Milos' counsel informed the panel that Attorney Milos has never been disciplined before and is remorseful with regard to this matter.

¶ 6. On September 26, 2011, the Illinois Supreme Court accepted the petition of the Illinois Commission to impose discipline on consent and suspended Attorney Milos' license to practice law in Illinois for 90 days, effective October 17, 2011. The Illinois Supreme Court also directed Attorney Milos to complete the Illinois Commission's Professionalism Seminar within one year of the court's final order of discipline, and to reimburse the Client Protection Program Trust Fund for any client protection payments arising from his conduct.

¶ 7. After reviewing the matter, we impose the identical 90-day suspension imposed by the Illinois Supreme Court. *See* SCR 22.22.[1] On November 15, 2011, OLR filed a complaint and order to answer. On November 23, 2011, this court ordered Attorney Milos to inform the court, in writing, of any claim, predicated upon the grounds set forth in SCR 22.22(3), that the imposition of discipline identical to that imposed in Illinois would be unwarranted and of the factual basis

---

[1] SCR 22.22 provides, in pertinent part:

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

■

for any such claim. The order stated that if Attorney Milos failed to respond by December 13, 2011, the court would proceed under SCR 22.22. The order was sent via certified mail; the signed certified mail receipt was returned to the court. Attorney Milos filed no answer to the complaint and did not respond to this court's November 23, 2011, order.

¶ 8.   On December 27, 2011, the parties filed with this court a stipulation signed by Attorney Milos in which he agreed with the facts alleged in the complaint and the documents attached to the complaint, and he agreed that he is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22. Through the stipulation, Attorney Milos does not claim defenses to the proposed imposition of reciprocal discipline, nor does he contest the imposition of discipline in Wisconsin.

¶ 9.   Through counsel, Attorney Milos has requested that this court make its order effective 60 days from the date of issuance so that Attorney Milos can provide adequate service to his clients.

¶ 10.   IT IS ORDERED that the license of Mark Milos to practice law in Wisconsin is suspended for a period of 90 days, effective April 3, 2012.

¶ 11.   IT IS FURTHER ORDERED that Mark Milos shall comply with the terms and conditions set forth in the Illinois Supreme Court's order and judgment of September 26, 2011.

¶ 12.   IT IS FURTHER ORDERED that Mark Milos shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.