# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP1649-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against John O. Waters, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>    Complainant, <br>   v. <br> John O. Waters, <br>    Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST WATERS

| | |
|---|---|
| OPINION FILED: | March 9, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | |
|  COUNTY: | |
|  JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|  CONCURRED: | |
|  DISSENTED: | |
|  NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP1649-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against John O. Waters, Attorney at Law:**

**Office of Lawyer Regulation,**

**FILED**

        **Complainant,**

**MAR 9, 2016**

  **v.**

Diane M. Fremgen
Clerk of Supreme Court

**John O. Waters,**

        **Respondent.**

---

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is a reciprocal discipline matter. On November 20, 2015, the Office of Lawyer Regulation (OLR) filed an amended complaint and motion pursuant to Supreme Court Rule (SCR) 22.22,[1] requesting that this court suspend the license

---

[1] SCR 22.22 (Reciprocal discipline) provides:

    (1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter.

(continued)

Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub.(3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity,

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub.(3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(continued)

of Attorney John O. Waters for a period of three years as reciprocal discipline identical to that imposed by the State of Michigan Attorney Discipline Board.[2]

¶2 Attorney Waters was admitted to practice law in Wisconsin in 2002. He is also admitted to practice law in Michigan. Attorney Waters' Wisconsin law license is currently suspended for non-compliance with continuing legal education reporting requirements, failure to pay State Bar of Wisconsin dues, and failure to submit the required trust account certification to the State Bar.

¶3 The OLR's amended complaint noted that on June 19, 2013, the State of Michigan Attorney Discipline Board suspended Attorney Waters' Michigan law license for three years, with a retroactive commencement of September 14, 2012, based on a

_____

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

[2] The OLR filed a complaint on August 13, 2015. The complaint was subsequently amended to include as Exhibit A copies of supporting documentation from the Michigan Supreme Court.

consent stipulation consolidating multiple proceedings. Restitution and conditions were also imposed.

¶4 The following facts are taken from the documents attached to the OLR's amended complaint relating to the Michigan disciplinary proceedings. The Michigan suspension was based on Attorney Waters' September 14, 2012 conviction for felony drug offenses, as well as a disciplinary complaint comprised of three separate counts of professional misconduct. These included: neglect of a legal matter entrusted to him, in violation of Michigan Rules of Professional Conduct (MRPC) 1.1(c); failing to act with reasonable diligence, in violation of MRPC 1.3; failing to adequately communicate with his client, in violation of MRPC 1.4(a); failing to refund unearned fees or release the client file upon being discharged from the representation of a client, in violation of MRPC 1.16(d); engaging in conduct prejudicial to the proper administration of justice, in violation of MRPC 8.4(c) and Michigan Court Rule (MCR) 9.104(1); engaging in conduct which exposes the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR 9.104(2); engaging in conduct contrary to justice, ethics, or good morals, in violation of MCR 9.104(3); intentionally failing to respond to a lawful demand for information from a disciplinary authority, in violation of MRPC 8.1(a)(2); and failing to answer a request for investigation, in violation of MCR 9.104(7) and MCR 9.113(A) and (B)(2).

¶5 The OLR noted that Attorney Waters failed to notify the OLR of the Michigan suspension within 20 days of the effective date of the order, as required under SCR 22.22(1).

¶6 The OLR asks this court to suspend Attorney Waters' Wisconsin law license for three years as discipline reciprocal to that imposed in Michigan, to order him to comply with Michigan's order of restitution, with conditions, and to impose costs.

¶7 On November 24, 2015, this court directed Attorney Waters to inform the court in writing within 20 days of any claim by him, predicated upon the grounds set forth in SCR 22.22(3), that the imposition of discipline reciprocal to that imposed in Michigan would be unwarranted, and of the factual basis for any such claim. No response was received.

¶8 Under SCR 22.22(3), in reciprocal discipline matters, this court shall impose the identical discipline unless one of the exceptions enumerated in the rule is shown. There is no indication that any of those exceptions apply in this case. Therefore, we impose discipline identical to that imposed by the State of Michigan Attorney Discipline Board.

¶9 We also agree that Attorney Waters shall pay the full costs of this proceeding. Attorney Waters has not identified any factors that would justify a reduction in costs. See SCR 22.24(1m). He is also directed to comply with the restitution order imposed by the State of Michigan Attorney Discipline Board. Grievance Administrator v. John Oren Waters, Case Nos. 12-101-AI; 12-140-JC; 13-47-GA.

5

¶10 IT IS ORDERED that the license of John O. Waters to practice law in Wisconsin is suspended for a period of three years, effective the date of this order.

¶11 IT IS FURTHER ORDERED that within 60 days of the date of this order, John O. Waters shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶12 IT IS FURTHER ORDERED that, to the extent he has not already done so, John O. Waters shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶13 IT IS FURTHER ORDERED that compliance with all conditions of this order, as well as compliance with all conditions of the disciplinary orders imposed on him by the State of Michigan Attorney Discipline Board, is required for reinstatement. See SCR 22.29(4)(c).