# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP217-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Bradford A. Borman, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>   Complainant,<br>  v.<br>Bradford A. Borman,<br>   Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BORMAN

| | |
|---|---|
| OPINION FILED: | April 15, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.    2016AP217-D

STATE OF WISCONSIN                    :         IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Bradford A. Borman, Attorney at Law:**

**Office of Lawyer Regulation,**

          **Complainant,**

     **v.**

**Bradford A. Borman,**

          **Respondent.**

**FILED**

**APR 15, 2016**

Diane M. Fremgen
Clerk of Supreme Court

          ATTORNEY    disciplinary    proceeding.    *Attorney    publicly reprimanded.*

          ¶1  PER CURIAM.  This is reciprocal discipline matter. On January 29, 2016, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Bradford A. Borman, seeking the imposition of discipline reciprocal to that imposed by the Maine Board of Overseers of the Bar.  On October 8, 2015, the Maine Board of Overseers of the Bar publicly reprimanded Attorney Borman based on two counts of misconduct.

¶2 Attorney Borman was admitted to practice law in Wisconsin in 2001. He was admitted to practice law in Maine in 2007. His Wisconsin law license was administratively suspended in 2008, for failure to comply with continuing legal education (CLE) requirements. His Wisconsin license remains suspended.

¶3 On February 24, 2016, Attorney Borman and the OLR entered into a stipulation whereby Attorney Borman agrees it would be appropriate for this court to impose the level of discipline sought by the OLR director, namely, a public reprimand. The stipulation notes that Attorney Borman's misconduct in Maine consisted of his failure to file an affidavit demonstrating that he notified relevant parties of the administrative suspension of his Maine law license and his failure to respond to Maine disciplinary authorities. A Bar Grievance Commission panel of the Maine Board of Overseers of the Bar found that Attorney Borman violated Maine Bar Rules by:

(a) failing to file an affidavit certifying that he provided notice to certain parties after an administrative suspension, in violation of Rule 7.3(i)(2)(B) of the Maine Rules; and

(b) failing to respond to Bar Counsel during their investigation of his misconduct, in violation of Rules 8.1(b) and 8.4(a)(d) of the Maine Rules.

¶4 Supreme Court Rule (SCR) 22.22(3) states as follows:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

2

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

¶5 Attorney Borman does not claim that any of the defenses found in SCR 22.22(3)(a)-(c) apply. Attorney Borman further states that his entry into the stipulation did not result from plea bargaining. He represents that he fully understands the misconduct allegations; he fully understands the ramifications should this court impose the stipulated level of discipline; he fully understands his right to contest this matter; he fully understands his right to consult with counsel; and his entry into the stipulation is made knowingly and voluntarily, and represents his decision not to contest the misconduct alleged in the OLR's complaint or the level and type of discipline sought by the OLR director.

¶6 After fully reviewing the matter, we accept the parties' stipulation. We agree that it is appropriate to impose the discipline identical to that imposed by the Maine Board of Overseers of the Bar, namely, a public reprimand. Since this matter was resolved by means of a stipulation, the OLR has not sought the imposition of costs and we do not assess any costs.

¶7 IT IS ORDERED that Bradford A. Borman is publicly reprimanded.

¶8  IT IS FURTHER ORDERED that the administrative suspension of Bradford A. Borman's Wisconsin law license for failure to comply with continuing legal education requirements remains in effect.