# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP2100-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Charles A. Boyle, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. Charles A. Boyle, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BOYLE

| | |
|---|---|
| OPINION FILED: | May 18, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP2100-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Charles A. Boyle, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Charles A. Boyle,**

      **Respondent.**

**FILED**

**MAY 18, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. The Office of Lawyer Regulation (OLR) and Attorney Charles A. Boyle have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12 that Attorney Boyle's license to practice law in this state should be suspended for a period of 60 days, as discipline reciprocal to that imposed by the Supreme Court of Illinois. After reviewing this matter, we approve the stipulation and impose the stipulated reciprocal

discipline. The OLR does not seek costs, and we do not impose any.

¶2 Attorney Boyle was admitted to the practice of law in Illinois in November 1966. He was also admitted to the practice of law in Wisconsin in June 1985. He maintains a law practice in the city of Chicago.

¶3 Attorney Boyle has been the subject of professional discipline on one prior occasion. In 2015 this court publicly reprimanded him for five counts of misconduct that arose from (1) filing documents and appearing in a Racine County circuit court while his license to practice law in this state was administratively suspended; (2) making false or misleading statements to the circuit court, the clerk of the circuit court, and the OLR; and (3) violating the Attorney's Oath by failing to maintain proper respect to the circuit court. In re Disciplinary Proceedings Against Boyle, 2015 WI 90, 364 Wis. 2d 544, 869 N.W.2d 475.

¶4 On October 20, 2015, the OLR filed a two-count complaint. Count I alleged that Attorney Boyle should be subject to reciprocal discipline due to the imposition of a 60-day suspension imposed by the Supreme Court of Illinois. Count II alleged that Attorney Boyle had failed to notify the OLR of his

suspension in a timely manner, in violation of SCR 22.22(1).[1] On December 11, 2015, after the OLR's complaint had been served on Attorney Boyle but before any referee had been appointed, Attorney Boyle entered into a stipulation with the OLR whereby he agreed that the facts alleged in the OLR's complaint supported the imposition of a 60-day suspension of his license to practice law in Wisconsin, as reciprocal discipline.

¶5 According to the factual allegations in the OLR's complaint and the Illinois disciplinary records attached thereto, in 2012 Attorney Boyle agreed to retain $2,000 in settlement proceeds in his client trust account, pending a determination of whether any of those funds would be payable to Medicare. Attorney Boyle subsequently transferred $1,949.62 of those funds from his client trust account into his business account for his own business or personal purposes. After the client asked the Illinois regulatory authorities to investigate, Attorney Boyle contacted Medicare to inquire whether Medicare would be making a claim on any of those funds. Medicare did not seek payment of any of the funds, and Attorney Boyle paid the $2,000 to the client. Attorney Boyle consented that his conduct had constituted conversion of the client's funds, in violation

---

[1] SCR 22.22(1) provides: "An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct."

of Rule 1.15(a) (failure to hold client property in trust, separate from the lawyer's own property) and Rule 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Illinois Rules of Professional Conduct (2010).[2] Based on Attorney Boyle's consent, the Supreme Court of Illinois suspended his license to practice in that state for a period of 60 days.

¶6 Under SCR 22.22(3),[3] this court shall impose the identical discipline or license suspension imposed in another jurisdiction, unless one or more of three exceptions apply. In

---

[2] In the petition for the imposition of consensual discipline, the administrator of the Illinois attorney regulatory agency indicated that Attorney Boyle had not been previously disciplined in that state, that he had made restitution of the funds to the client, that he had cooperated throughout the investigation and prosecution of the matter, and that he had expressed remorse for his conduct.

[3] SCR 22.22(3) provides:

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

his stipulation with the OLR, Attorney Boyle states that he does not claim that any exception applies to his case. He agrees that this court should suspend his license to practice law in Wisconsin for a period of 60 days, as reciprocal discipline.

¶7 In the stipulation, Attorney Boyle further represents that the stipulation was not the result of plea bargaining, that he fully understands and agrees with the misconduct allegations made in the OLR's complaint, that he fully understands the ramifications of the stipulated level of discipline, that he fully understands his right to consult with counsel and his right to contest the allegations against him, that he is entering into the stipulation knowingly and voluntarily, and that the stipulation represents his decision not to contest the level and type of discipline sought by the OLR.

¶8 After reviewing this matter, we accept the stipulation and impose the identical discipline imposed by the Supreme Court of Illinois, namely a 60-day suspension of Attorney Boyle's license to practice law in this state. Because this matter has been resolved by stipulation without the appointment of a referee and the OLR has not requested any costs, we do not impose any costs on Attorney Boyle.

¶9 IT IS ORDERED that the license of Charles A. Boyle to practice law in Wisconsin is suspended for a period of 60 days, effective May 31, 2016.

¶10 IT IS FURTHER ORDERED that Charles A. Boyle shall comply with the provisions of SCR 22.26 concerning the duties of

5

a person whose license to practice law in Wisconsin has been suspended.

¶11 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).