# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP1204-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Harvey N. Jones, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Harvey N. Jones,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST JONES

| | |
|---|---|
| OPINION FILED: | October 18, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

2016 WI 86

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2016AP1204-D

STATE OF WISCONSIN                    :     IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Harvey N. Jones, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Harvey N. Jones,**

        **Respondent.**

**FILED**

**OCT 18, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1   PER CURIAM.   The Office of Lawyer Regulation (OLR) and Attorney Harvey N. Jones have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12 that Attorney Jones' license to practice law in this state should be revoked, as discipline reciprocal to that imposed by the Minnesota Supreme Court. After careful review of the matter, we approve the stipulation and impose the stipulated reciprocal discipline.   The OLR does not seek the imposition of costs, and we do not impose costs.

¶2 Attorney Jones was admitted to practice law in Wisconsin in August 1984. He was admitted to practice law in Minnesota in 1974.

¶3 Attorney Jones' Wisconsin disciplinary history consists of an administrative suspension on October 31, 2011 for failure to pay State Bar dues, failure to comply with the OLR trust account certification, and failure to comply with continuing legal education requirements. His Wisconsin law license remains suspended.

¶4 On July 31, 2013, the Minnesota Supreme Court disbarred Attorney Jones based on the following violations:

• Count One: Jones' misappropriation of client and non-client funds of at least $51,142.03 on at least 20 occasions over a period of 20 months was in violation of Minn. R. Prof. Conduct 1.15(a), (c)(3) and (c)(4) and 8.4(c).

• Count Two: Jones' repeated failure to respond to requests for meetings and documentation by the Director during the investigation and failure to file a timely answer to the charges of unprofessional conduct was in violation of Rule 25, RLPR and Minn. R. Prof. Conduct 8.1(b).

• Count Three: Jones' failure to maintain subsidiary client ledgers and monthly trial balances and failure to perform monthly trust account reconciliations was in violation of Minn. R. Prof. Conduct 1.15 and Appendix 1 and Rule 9(a)(1), RLPR.

¶5 Attorney Jones did not notify the OLR of the Minnesota disbarment within 20 days of its effective date.

¶6 On June 15, 2016, the OLR filed a two count complaint. Count one alleged that by virtue of his Minnesota disbarment, Attorney Jones should be subject to reciprocal discipline in

Wisconsin pursuant to SCR 22.22. Count two alleged by failing to notify the OLR of his disbarment in Minnesota within 20 days of the effective date of the imposition of such discipline, Attorney Jones violated SCR 22.22(1).

¶7 On August 18, 2016, after the OLR's complaint had been served on Attorney Jones but before a referee had been appointed, Attorney Jones entered into a stipulation with the OLR whereby he agreed that the facts alleged in the OLR's complaint supported a revocation of his license to practice law in Wisconsin as reciprocal discipline to that imposed by the Minnesota Supreme Court.

¶8 Under SCR 22.22(3), this court shall impose the identical discipline imposed in another jurisdiction unless one or more of three exceptions apply. In his stipulation, Attorney Jones states that he does not claim that any exception applies to his case, and he agrees that this court should revoke his license to practice to law in Wisconsin.

¶9 In the stipulation, Attorney Jones further avers that the stipulation did not result from plea-bargaining, that he does not contest the facts and misconduct alleged by the OLR or the discipline sought by the OLR director, and that the facts alleged in the complaint form a basis for the discipline requested. Attorney Jones further represents that he fully understands the misconduct allegations; fully understands the ramifications should this court impose the stipulated level of discipline; fully understands his right to contest the matter; fully understands his right to consult with counsel; that his

entry into the stipulation is made knowingly and voluntarily; and that the stipulation represents his decision not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR director.

¶10 After review of this matter, we accept the stipulation and impose the identical discipline imposed by the Minnesota Supreme Court, namely the revocation of Attorney Jones' license to practice law in Wisconsin. Because this matter has been resolved by means of a stipulation without the appointment of a referee and the OLR has not requested the imposition of costs, we do not impose any costs on Attorney Jones.

¶11 IT IS ORDERED that the license of Harvey N. Jones to practice law in Wisconsin is revoked, effective the date of this order.

¶12 IT IS FURTHER ORDERED that, to the extent he has not already done so, Harvey N. Jones shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶13 IT IS FURTHER ORDERED that compliance with all conditions of this ordered is required for reinstatement. See SCR 22.28(3).

4