# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP2014-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against David J. Silberman, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |       Complainant, |
| |    v. |
| | David J. Silberman, |
| |       Respondent. |

## DISCIPLINARY PROCEEDINGS AGAINST SILBERMAN

| | |
|---|---|
| OPINION FILED: | February 17, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification.  The final version will appear in the bound volume of the official reports.**

No.  2016AP2014-D

STATE OF WISCONSIN               :               IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against David J. Silberman, Attorney at Law:**

**Office of Lawyer Regulation,**

**FILED**

Complainant,

**FEB 17, 2017**

v.

Diane M. Fremgen
Clerk of Supreme Court

**David J. Silberman,**

Respondent.

ATTORNEY disciplinary proceeding.  *Attorney's license* revoked.

¶1  PER CURIAM.  The Office of Lawyer Regulation (OLR) and Attorney David J. Silberman have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12 that Attorney Silberman's license to practice law in Wisconsin should be revoked, as discipline reciprocal to that imposed by the Supreme Court of Illinois.  Upon careful review of the matter, we approve the stipulation and impose the stipulated reciprocal

discipline.  The OLR does not seek the imposition of costs against Attorney Silberman, and we impose no costs.

¶2  Attorney Silberman was admitted to practice law in Wisconsin in 1972.  He was admitted to practice law in Illinois in 1973.  Attorney Silberman's Wisconsin law license has been suspended since October 31, 2015, for failure to pay bar dues and failure to file an OLR trust account certificate.

¶3  On September 22, 2016, the Supreme Court of Illinois entered an order disbarring Attorney Silberman in that state. The disbarment was based on two counts of misconduct:

> (1) Failure to hold property of third persons that is in his possession in connection with a representation separate from his own property, by converting real estate escrow account proceeds to fund the operation of Nova Title, in violation of Rule 1.15(a) of the Illinois Rules of Professional Conduct (2010); and

> (2) Conduct involving dishonesty, fraud, deceit or misrepresentation, by using real estate escrow funds to pay Nova Title's operating expenses, in violation of Rule 8.4(c) of the Illinois Rules of Professional Conduct (2010).

¶4  The two counts of misconduct for which the Supreme Court of Illinois disbarred Attorney Silberman arose out of allegations that Attorney Silberman transferred over $460,000 in real estate escrow money from his trust account to the operating account of Nova Title, a company that he owned.  The transfers were unrelated to the purpose of the escrow and exceeded any amounts legitimately due to Attorney Silberman or his company. Accordingly, Attorney Silberman's transfer of the funds constituted conversion of his clients' trust funds to his own

personal use. Attorney Silberman transferred some of the funds back but over $180,000 was not returned. Attorney Silberman failed to respond to the Illinois disciplinary proceeding and provided no defense to the allegations against him. Accordingly, the allegations were deemed admitted and his disbarment was ordered pursuant to default proceedings.

¶5 Attorney Silberman did not notify the OLR of the Illinois disbarment within 20 days of its effective date.

¶6 On October 18, 2016, the OLR filed a complaint against Attorney Silberman alleging the following counts of misconduct:

Count One: By virtue of the Illinois disciplinary disbarment, Attorney Silberman is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.

Count Two: By failing to notify OLR of the Illinois disciplinary disbarment within 20 days of the effective date of that jurisdiction's imposition of public discipline for professional misconduct, Attorney Silberman violated SCR 22.22(1).

¶7 On December 6, 2016, Attorney Silberman entered into a stipulation with the OLR in which he agreed that the facts alleged in the OLR's complaint supported the revocation of his license to practice law in Wisconsin as reciprocal discipline to that imposed by the Supreme Court of Illinois.

¶8 Under SCR 22.22(3), this court shall impose the identical discipline imposed in another jurisdiction unless one or more of three exceptions apply. In his stipulation, Attorney Silberman states that he does not claim any of the defenses

3

found in SCR 22.22(3), and he agrees that this court should revoke his license to practice law in Wisconsin.

¶9   In the stipulation, Attorney Silberman states that the stipulation did not result from plea bargaining, that he does not contest the facts and misconduct alleged by the OLR or the discipline sought by the OLR director.  Attorney Silberman further states that he agrees the facts alleged in the OLR's complaint may form a basis for the discipline requested by the OLR director.  He further avers that he fully understands the misconduct allegations; fully understands the ramifications should this court impose the stipulated level of discipline; fully understands his right to contest the matter; fully understands his right to consult with counsel and represents that he has in fact consulted with counsel; that his entry into the stipulation is made knowingly and voluntarily; that he has read the OLR's complaint and the stipulation and that his entry into the stipulation represents his decision not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR director.

¶10 Upon review of this matter, we accept the stipulation and impose the identical discipline imposed by the Supreme Court of Illinois, namely the revocation of Attorney Silberman's license to practice law in Wisconsin.  Because this matter has been resolved by means of a stipulation without the appointment of a referee and because the OLR has not requested the imposition of costs, we do not impose any costs upon Attorney Silberman.

¶11 IT IS ORDERED that the license of David J. Silberman to practice law in Wisconsin is revoked, effective the date of this order.

¶12 IT IS FURTHER ORDERED that, to the extent he has not already done so, David J. Silberman shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶13 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(3).