# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP2267-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Adam A. Gillette, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |       Complainant, |
| |     v. |
| | Adam A. Gillette, |
| |       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GILLETTE

| | |
|---|---|
| OPINION FILED: | May 11, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   CONCURRED/DISSENTED: | ABRAHAMSON, J. concurs and dissents (opinion filed). |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP2267-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Adam A. Gillette, Attorney at Law:

Office of Lawyer Regulation,

    Complainant,

  v.

Adam A. Gillette,

    Respondent.

**FILED**

**MAY 11, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. The Office of Lawyer Regulation (OLR) and Attorney Adam A. Gillette have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12 that Attorney Gillette's license to practice law in Wisconsin should be suspended for a period of 60 days, as discipline reciprocal to that imposed by

the Supreme Court of Minnesota.[1] After reviewing the matter, we approve the stipulation and impose the stipulated reciprocal discipline. Although the stipulation did not expressly request that we impose the other forms of discipline imposed by the Supreme Court of Minnesota, we also follow our practice of ordering Attorney Gillette to comply with the terms and conditions of the Minnesota disciplinary order, including a two-year period of probation. We do not impose any costs in this stipulated matter.

¶2 Attorney Gillette was admitted to the practice of law in Minnesota in October 2003. He was also admitted to the practice of law in this state in December 2009. According to the stipulation, Attorney Gillette's most recent professional address was a law firm in Minneapolis, Minnesota.

¶3 Attorney Gillette has not been the subject of previous professional discipline in this state. His license to practice law in Wisconsin, however, is currently administratively suspended. In June 2016 his license was suspended for failure to comply with mandatory continuing legal education (CLE) reporting requirements. In October 2016 his license was also

---

[1] The stipulation in this matter was filed with the court on February 28, 2017, and was promptly taken under advisement. On April 19, 2017, nearly two months later, the OLR filed a memorandum in support of the stipulation. Supreme Court Rule 22.12 does not provide a formal deadline for filing such a memorandum, but this belated submission arrived well after the court had deliberated and decided the matter. Nothing in the memorandum has affected the court's decision to accept the stipulation.

suspended for failure to pay bar dues and assessments and for failure to file a trust account certificate.

¶4 On November 21, 2016, the OLR filed a disciplinary complaint alleging that Attorney Gillette should be subject to reciprocal discipline due to a 60-day suspension imposed by the Supreme Court of Minnesota. On February 28, 2017, after the OLR's complaint had been served on Attorney Gillette, the OLR and Attorney Gillette entered into a stipulation whereby Attorney Gillette agreed that the facts alleged in the OLR's complaint supported the imposition of a 60-day suspension as reciprocal discipline.

¶5 According to the stipulation and the Minnesota disciplinary records attached to the OLR's complaint, Attorney Gillette committed a number of violations of the Minnesota Rules of Professional Conduct (MRPC) in connection with two client matters.

¶6 In the first matter, Attorney Gillette and the firm with which he was associated were retained to represent a husband and wife in connection with possible claims against investment brokers due to failed investments. The firm determined in April 2010 that the clients were unlikely to prevail on any claims. From this point forward, Attorney Gillette and the firm did no further work on the matter. Attorney Gillette was directed to convey the firm's opinion to the clients.

¶7 Attorney Gillette, however, did not advise the clients of this opinion. To the contrary, he falsely informed the

3

husband on multiple occasions over the next five years that he was continuing to pursue the matter. Attorney Gillette even went so far as to tell the client that the matter had been settled for a substantial sum of money. Ultimately, Attorney Gillette reported his deception to his law firm. In the time period when he had been misleading the client about the progress of claims against the brokers, the statute of limitations for any such claim expired.

¶8 In the second client matter, Attorney Gillette and his firm were retained in December 2014 by a check cashing business to address a situation where the client believed that its bank had improperly reversed a deposit. The client paid an advanced fee to the law firm. Attorney Gillette, however, failed to perform any work on the matter or to take any action to preserve any claims the client may have had against the bank. In May 2015 the statute of limitations expired for any claim by the client against the bank. As had occurred with the first client matter discussed above, ultimately Attorney Gillette reported his neglect of the matter to his law firm.

¶9 Attorney Gillette stipulated in the Minnesota disciplinary proceeding that his conduct in the two client representations had violated MRCP 1.1, 1.3, 1.4, 4.1, and 8.4(c).

¶10 In its October 10, 2016 disciplinary order, In re Disciplinary Action Against Gillette, 886 N.W.2d 214 (Minn. 2016), the Supreme Court of Minnesota noted that Attorney Gillette had produced evidence that during the relevant time

4

period he had suffered from an untreated mental-health issue, for which he had subsequently sought treatment.  He had also produced evidence that he was remorseful for his misconduct. Ultimately, given this partially mitigating evidence, the Supreme Court of Minnesota accepted the joint recommendation of the parties for a 60-day suspension of Attorney Gillette's license to practice law in Minnesota.  The Minnesota order also directed Attorney Gillette within one year to successfully complete the professional responsibility examination that is required for admission to the practice of law in that state. Finally, the order also placed Attorney Gillette on probation with a list of conditions for a period of two years following the reinstatement of his Minnesota license.[2]

¶11  Under SCR 22.22(3),[3] this court shall impose the identical discipline imposed in another jurisdiction, unless one

---

[2] The SCR 22.12 stipulation notes that the Supreme Court of Minnesota has already conditionally reinstated Attorney Gillette's license to practice law in that state.  See In re Disciplinary Action Against Gillette, 888 N.W.2d 684 (Minn. 2016).

[3] SCR 22.22(3) provides:

   (3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

   (a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

   (b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the

(continued)

5

or more of three exceptions apply. In his stipulation with the OLR, Attorney Gillette states that he does not claim any of the exceptions in SCR 22.22(3). He agrees that this court should impose the 60-day suspension of his license to practice law in Wisconsin sought by the OLR.

¶12 Attorney Gillette further states that the stipulation was not the result of plea bargaining, that he understands the misconduct allegations against him and his right to contest the matter, and that he is aware of the potential ramifications of the stipulated level of discipline. He acknowledges his right to consult with counsel. He asserts that he is entering into the stipulation knowingly and voluntarily, and that his entry into the stipulation represents his decision not to contest the misconduct allegations or the level of discipline sought by the OLR.

¶13 Having reviewed the matter, we accept the stipulation and impose a 60-day suspension of Attorney Gillette's license to practice law in Wisconsin, as discipline reciprocal to that imposed by the Supreme Court of Minnesota.

¶14 We note, however, that the Minnesota order contained additional elements of discipline beyond the imposition of a 60-day suspension of his license to practice law in that state.

---

conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

6

For example, the Minnesota order directed Attorney Gillette to complete the professional responsibility examination required for admission to the bar of that state and imposed a two-year period of probation with a number of specified conditions. These elements of the Minnesota disciplinary order are generally not imposed in Wisconsin disciplinary proceedings.  In such situations, this court orders the respondent attorney to comply with the terms and conditions imposed by the disciplinary order in the other jurisdiction in order to make the discipline identical under SCR 22.22.  See, e.g., In re Disciplinary Proceedings Against Hooker, 2010 WI 13, ¶11, 322 Wis. 2d 552, 779 N.W.2d 419; In re Disciplinary Proceedings Against Moree, 2004 WI 118, 275 Wis. 2d 279, 684 N.W.2d 667.  Although the stipulation spoke in terms of agreeing to the imposition of a 60-day suspension, it also acknowledged these other terms and conditions of the Minnesota disciplinary order.  Consequently, we follow our practice of ordering Attorney Gillette to comply with them.

¶15 Because this matter has been resolved through a stipulation without the appointment of a referee and the OLR has

not sought the imposition of any costs, we do not impose them in this matter.[4]

¶16  IT IS ORDERED that the license of Adam A. Gillette to practice law in Wisconsin is suspended for a period of 60 days, effective May 31, 2017.

¶17  IT IS FURTHER ORDERED that Adam A. Gillette shall comply with all of the terms and conditions set forth in the Supreme Court of Minnesota's order dated October 10, 2016. In re Disciplinary Action Against Gillette, 886 N.W.2d 214 (Minn. 2016).

¶18  IT IS FURTHER ORDERED that Adam A. Gillette shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

---

[4] In addition to filing a belated memorandum in support of the stipulation, the OLR also filed a belated statement of costs on April 19, 2017.  It reported counsel fees and disbursements in the amount of $469.00, but recommended that the court not assess any costs against Attorney Gillette because he had entered into what it characterized as a "comprehensive stipulation" that had avoided the appointment of a referee and "the expenditure of significant lawyer regulation system resources."

¶19 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement from the disciplinary suspension imposed herein.[5]

---

[5] In addition to obtaining reinstatement from the disciplinary suspension imposed by this order, before he is able to practice law in Wisconsin, Attorney Gillette will also be required to complete the procedures for reinstatement from the administrative suspensions currently in effect for failure to comply with the mandatory CLE reporting requirements, for failure to pay applicable bar dues and assessments, and for failure to file a trust account certificate.

¶20 SHIRLEY S. ABRAHAMSON, J. *(concurring in part and dissenting in part).* I concur with the per curiam opinion accepting the stipulation between Attorney Gillette and OLR and suspending Attorney Gillette's license for 60 days as reciprocal discipline identical to that imposed by the Supreme Court of Minnesota.

¶21 I dissent from the per curiam's order requiring Attorney Gillette to comply with the terms and conditions imposed by the disciplinary order in Minnesota to make the discipline identical under SCR 22.22(3).

¶22 This proceeding raises two questions for me.

¶23 First, the proceeding raises the question whether the court has extended a stipulation beyond its terms. Attorney Gillette and the OLR did not stipulate to any Minnesota discipline other than a 60-day suspension.

¶24 Second, the proceeding raises the question of what is identical discipline in a reciprocal discipline matter. Supreme Court Rule 22.22(3) provides that in reciprocal discipline cases this court "shall impose the identical discipline" imposed by the other state.

¶25 Minnesota has imposed forms of discipline on Attorney Gillette that Wisconsin typically does not impose. Nevertheless, the per curiam imposes this Minnesota discipline on Attorney Gillette as part of Attorney Gillette's Wisconsin discipline.

¶26 Two other reciprocal disciplinary proceedings have been pending before this court while the instant case has been

1

considered: <u>In re Disciplinary Proceedings Against Buzawa</u>, No. 2016AP2351-D, unpublished order (Wis. S. Ct. Apr. 10, 2017; separate writing May 11, 2017), and <u>In re Disciplinary Proceedings Against Peiss</u>, 2017 WI 49, ___ Wis. 2d ___, ___ N.W.2d ___. They too present issues about identical reciprocal discipline.

I

¶27 Attorney Gillette's stipulation with OLR reads, in relevant part, as follows:

> 10. Gillette agrees that it would be appropriate for the Supreme Court of Wisconsin to impose the level of discipline sought by OLR's Director, <u>specifically, a 60 day suspension of Gillette's license to practice law in Wisconsin</u>. (Emphasis added.)

¶28 This is the only provision in the stipulation relating to the Minnesota or Wisconsin discipline.

¶29 OLR's Memorandum in Support of SCR 22.12 Stipulation, filed on April 19, 2017, states: "Gillette and OLR signed a SCR 22.12 Stipulation requesting the Supreme Court of Wisconsin to approve the parties' stipulation and suspend Gillette's Wisconsin license to practice law for 60 days based upon the Minnesota action."[1]

---

[1] The per curiam is critical of the length of time (about two months) it took the OLR to file this memorandum with the court.

(continued)

¶30 It is evident from the stipulation and the OLR memorandum that Attorney Gillette stipulated only to the 60-day suspension of his license to practice law in Wisconsin. He did not stipulate to any other reciprocal discipline. He could have so stipulated, but he did not. He might so stipulate if asked, but he has not been asked.

¶31 Instead, the court takes a short-cut and reads the stipulation to include terms not stated. To respond to this criticism that the court has not abided by the parties' stipulation, the court in n.4 tries to prove the stipulation is broader than its terms. It bootstraps Litigation Counsel William Weigel's description of the stipulation as a "comprehensive stipulation" in his separate statement of OLR costs to mean that Attorney Gillette stipulated to more than the 60-day suspension.

¶32 Attorney John T. Payette, Assistant Litigation Counsel, not Attorney Weigel, signed the Complaint and Motion for reciprocal discipline on November 21, 2016, the stipulation

---

I am confident that the OLR Procedure Review Committee (Professor Marsha Mansfield, University of Wisconsin Law School, Reporter) will examine the time it takes each entity in the chain of discipline proceedings to perform its function, including the OLR, the Preliminary Review Committee, the referee, and this court. This court's Internal Operating Procedures (printed in volume 6 of the Wisconsin Statutes) provide that per curiam opinions in attorney disciplinary proceedings are prepared by a court commissioner for the court's consideration. Wis. S. Ct. IOP III-H (Feb. 13, 2017).

Several years ago when I did a "time" study I found what appeared to be unwarranted delay at every step.

3

with Attorney Gillette on February 28, 2017, and the OLR Memorandum on April 19, 2017. OLR Attorney Payette's description of the stipulation, not Attorney Weigel's obvious off-hand comment in a document relating to costs, is of import.

¶33 The instant case is not consistent with Office of Lawyer Regulation v. Curtin, 2014 WI 90, 357 Wis. 2d 247, 849 N.W.2d 747, or In re Disciplinary Proceedings Against Milos, 2012 WI 6, 338 Wis. 2d 316, 808 N.W.2d 128.

¶34 In Curtin, the stipulation filed by OLR and Attorney Curtin requested the court to publicly reprimand Attorney Curtin as reciprocal discipline identical to that imposed by Arizona; no request was made to impose other discipline imposed by Arizona. Arizona imposed a reprimand, a year of probation, and participation in a trust account ethics program. The Wisconsin Supreme Court imposed only a public reprimand, not the other discipline imposed by Arizona.

¶35 This court does not explain why Attorney Gillette is being treated differently than Attorney Curtin, although the key aspects of the stipulations in the two cases are the same.

¶36 In contrast, in In re Disciplinary Proceedings Against Milos, 2012 WI 6, 338 Wis. 2d 316, 808 N.W.2d 128, the OLR and Attorney Milos stipulated to the imposition of discipline identical to that imposed by Illinois. Illinois imposed a 90-day suspension and directed Attorney Milos to complete the Illinois Commission's Professionalism Seminar and to reimburse the Client Protection Program Trust Fund. This court ordered a 90-day suspension and compliance "with the terms and conditions

4

set forth in the Illinois Supreme Court's order." This court does not explain why Attorney Gillette is being treated the same as Attorney Milos although the key aspects of the stipulations in the two cases are different.[2]

II

¶37 The court's order imposing the Minnesota terms to make the discipline identical in Wisconsin relies on two prior cases: In re Disciplinary Proceedings Against Moree, 2004 WI 118, 275 Wis. 2d 279, 281, 684 N.W.2d 667, and In re Disciplinary Proceedings Against Hooker, 2010 WI 13, 322 Wis. 2d 552, 779 N.W.2d 419. Neither case is applicable in the instant case.

¶38 In Moree, unlike in the instant case, "[t]he OLR and Attorney Moree request and stipulate that as reciprocal discipline this court impose a three-month suspension . . . and order him to comply with the terms and conditions established by the Illinois Supreme Court." Moree, 275 Wis. 2d at 281. Moree agreed to imposition of the Illinois conditions. See also the Milos case, described above.

---

[2] For other cases in which the court imposed another state's discipline, see In re Disciplinary Proceedings Against Waters, 2016 WI 15, 367 Wis. 2d 279, 876 N.W.2d 145 (the respondent attorney did not respond to the court's order to show cause why identical reciprocal discipline was unwarranted; the court ordered compliance with restitution and (unstated) conditions imposed by Michigan); In re Disciplinary Proceedings Against Manion, 2016 WI 88, 372 Wis. 2d 34, 886 N.W.2d 371 (the respondent attorney did not respond to the court's order to show cause why identical reciprocal discipline was unwarranted; the court "impose[d] discipline substantially identical to that imposed by the Supreme Court of Arizona"; Arizona had ordered restitution and (unstated) conditions).

¶39 In In re Disciplinary Proceedings Against Hooker, 2010 WI 13, ¶9, 322 Wis. 2d 552, 779 N.W.2d 419, this court ordered Attorney Hooker to show cause why the imposition of discipline identical to that imposed by Colorado would be unwarranted. Attorney Hooker did not respond to the court order. The court imposed a form of discipline imposed by Colorado even though Wisconsin does not typically impose that form of discipline.

¶40 This court in the instant case has not given Attorney Gillette or OLR notice and an opportunity to be heard on the issue of what constitutes identical discipline. Instead, this court unilaterally enlarges Gillette's and the OLR's stipulation and decides by itself and for itself what constitutes identical discipline.

¶41 As far as I am concerned, this court has overstepped the stipulation and has not followed prior reciprocal discipline cases in the instant case.

¶42 The instant case made me curious about other reciprocal discipline cases. In searching the OLR discipline cases of the last five years, I found 24 reciprocal discipline cases to discuss in considering the instant case, In re Disciplinary Proceedings Against Buzawa, No. 2016AP2351-D, unpublished order (Wis. S. Ct. Apr. 10, 2017; separate writing

6

May 11, 2017), and In re Disciplinary Proceedings Against Peiss, 2017 WI 49, ___ Wis. 2d ___, ___ N.W.2d ___.[3]

¶43 In most of these reciprocal discipline cases in the last five years, identical discipline could be and was imposed in Wisconsin.

_____

[3] In many of these cases, the respondent attorney and OLR stipulated to the reciprocal discipline or the respondent attorney responded in some fashion to the OLR's complaint. See, e.g., In re Disciplinary Proceedings Against Silberman, 2017 WI 10, 373 Wis. 2d 187, 890 N.W.2d 586; In re Disciplinary Proceedings Against Jones, 2016 WI 86, 372 Wis. 2d 23, 886 N.W.2d 92; In re Disciplinary Proceedings Against Boyle, 2016 WI 40, 368 Wis. 2d 590, 879 N.W.2d 114; In re Disciplinary Proceedings Against Borman, 2016 WI 25, 367 Wis. 2d 543, 877 N.W.2d 370; In re Disciplinary Proceedings Against Aleman, 2015 WI 112, 365 Wis. 2d 676, 872 N.W.2d 655; In re Disciplinary Proceedings Against Fischer, 2014 WI 107, 852 N.W.2d 487; In re Disciplinary Proceedings Against Albert, 2014 WI 105, 852 N.W.2d 488; In re Disciplinary Proceedings Against Nickitas, 2014 WI 12, 352 Wis. 2d 641, 843 N.W.2d 438; In re Disciplinary Proceedings Against Stanek, 2013 WI 41, 347 Wis. 2d 216, 830 N.W.2d 639; In re Disciplinary Proceedings Against Butler, 2012 WI 37, 340 Wis. 2d 1, 811 N.W.2d 807; In re Disciplinary Proceedings Against Addison, 2012 WI 38, 340 Wis. 2d 16, 813 N.W.2d 201.

In several of these cases, the respondent attorney did not answer the OLR complaint and motion for reciprocal discipline. See In re Disciplinary Proceedings Against Gonzalez, 2016 WI 87, 372 Wis. 2d 27, 886 N.W.2d 368; In re Disciplinary Proceedings Against Waters, 2016 WI 15, 367 Wis. 2d 279, 876 N.W.2d 145; In re Disciplinary Proceedings Against Stockman, 2014 WI 113, 358 Wis. 2d 341, 854 N.W.2d 370; In re Disciplinary Proceedings Against Hicks, 2013 WI 9, 345 Wis. 2d 265, 826 N.W.2d 41; In re Disciplinary Proceedings Against Payne, 2012 WI 109, 344 Wis. 2d 20, 821 N.W.2d 246.

In a few of these cases the respondent attorney challenged the other state's disciplinary proceedings. See, e.g., In re Disciplinary Proceedings Against Selmer, 2016 WI 71, 371 Wis. 2d 377, 882 N.W.2d 815; In re Disciplinary Proceedings Against Strizic, 2015 WI 57, 362 Wis. 2d 659, 864 N.W.2d 869.

¶44 The other reciprocal discipline cases pose a variety of issues. I have discussed Curtin and Milos above. Here is a synopsis of some of these other reciprocal discipline cases.

¶45 In In re Disciplinary Proceedings Against Taber, 2012 WI 9, 338 Wis. 2d 534, 809 N.W.2d 29, Arizona imposed a one-year suspension, probation with conditions, and restitution. The attorney did not respond to this court's order to show cause why reciprocal discipline was not warranted. The Wisconsin Supreme Court suspended the attorney's license for one year and ordered the attorney to comply with the terms of probation and restitution. For other reciprocal discipline cases in which the attorney did not respond to the court's order to show cause and the court imposed conditions imposed by the other state not generally imposed in Wisconsin, see In re Disciplinary Proceedings Against Waters, 2016 WI 15, 367 Wis. 2d 279, 876 N.W.2d 145; In re Disciplinary Proceedings Against Manion, 2016 WI 88, 372 Wis. 2d 34, 886 N.W.2d 371.

¶46 In In re Disciplinary Proceedings Against Eichhorn-Hicks, 2012 WI 18, 338 Wis. 2d 753, 809 N.W.2d 379, Minnesota imposed a public reprimand, a one-year suspension, and probation for two years with conditions. Because the period of probation (without any violation) expired before this court imposed reciprocal discipline, the discipline imposed in Wisconsin was identical to that imposed by Minnesota: a public reprimand and one-year suspension. The issue in Eichhorn-Hicks was whether

8

Wisconsin's one-year suspension should be effective as of the date of the order or whether it should be retroactive.[4]

¶47 In In re Disciplinary Proceedings Against Nett, 2014 WI 106, 358 Wis. 2d 300, 852 N.W.2d 486, Minnesota suspended Attorney Nett's Minnesota license with no right to petition for reinstatement for a minimum of nine months. The attorney did not timely respond to the Wisconsin Supreme Court's order to show cause why reciprocal discipline is not warranted but sent a letter to the OLR stating that she did not contest the OLR's complaint requesting the court to suspend her license for one year. This court stated it was imposing identical discipline and suspended the attorney's Wisconsin license for one year, not the nine months to which Minnesota referred. No explanation appears for the one-year suspension rather than nine months.

¶48 In sum, three cautions arise from the instant case and my analysis of the 24 reciprocal discipline cases in the last five years:

> (1) A stipulation is a stipulation is a stipulation. If the court does not want to adhere to the stipulation, it must take appropriate steps to decline the stipulation. Although this court just cannot

---

[4] Retroactive discipline in Wisconsin to run coterminous with the suspension imposed by the other state was also raised in In re Disciplinary Proceedings Against Nickitas, 2014 WI 12, 352 Wis. 2d 641, 843 N.W.2d 438.

Retroactive imposition of discipline is an issue that comes up frequently in various types of discipline cases.

unilaterally stretch the terms of the stipulation to make it suit the court's purposes, it has.

(2) The court should treat similarly situated persons similarly. On the basis of my five-year study, the case law in reciprocal discipline is not consistent.

(3) The instant case and the numerous reciprocal discipline cases I summarize above are illustrative of foreseeable and recurring problems in reciprocal discipline. I suggest that the OLR Procedure Review Committee (Professor Marsha Mansfield, University of Wisconsin Law School, Reporter), appointed by the court in June 2016, review and revise the Supreme Court Rules imposing reciprocal identical discipline when a lawyer licensed in Wisconsin is disciplined in another state.

¶49 For the reasons set forth, I dissent from the per curiam opinion imposing discipline beyond the 60-day suspension to which Attorney Gillette and the OLR stipulated.